OPINION
{¶ 1} Defendant-appellant, Thomas Parknavy, appeals a decision of the Madison County Municipal Court, Small Claims Division, awarding judgment in favor of plaintiff-appellee, James Ricker, in a breach of contract action. We affirm the trial court's decision.
 {¶ 2} Appellee owns a 1976 Triumph TR6 automobile. His son painted the car for him, but discovered that the paint used was defective. The manufacturer of the paint consequently agreed to have a third party repaint the car. In November 2001, appellee contracted with appellant to paint the auto. The paint manufacturer paid appellant $2,200 for the job, and supplied $456 in materials. Appellant's work was poorly executed, resulting in the over spray of paint onto the engine, convertible top, wheels, and inside the trunk. The paint also bubbled in places. Appellant agreed to redo the job, but would not accede to some of appellee's conditions.
 {¶ 3} Appellee subsequently filed suit, seeking compensation for appellant's failure to complete the job in a workmanlike manner. A hearing was held on the matter at which both parties testified and presented evidence. The trial court concluded that the job was not done in a workmanlike manner and ordered appellant to reimburse appellee $2,656. Appellant appeals, raising thirteen assignments of error.
 {¶ 4} Appellant's first eight assignments of error allege that the trial court erred in making factual determinations. Specifically, he argues that the trial court erroneously found that the car was delivered to him in November 2001; that another painting company had painted the auto; that both parties presented evidence demonstrating the poor quality of appellant's work; that appellant removed masking put on by appellee; that the convertible top and wheels were marred by over spray; that appellee had installed numerous new parts on the car which were marred by over spray; and that the cost of the paint and materials totaled $456.
 {¶ 5} "`Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.' * * * [A]n appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80-81, quoting C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279.
 {¶ 6} We first note that appellant has correctly pointed out two factual errors in the trial court's decision. First, the record supports his contention that the auto was delivered to him in February 2002 as opposed to November 2001 as noted by the trial court. Second, appellant is correct that the record reflects that the auto was first painted by appellee's son as opposed to "another auto painting company" as asserted by the trial court. Nevertheless, neither of these facts is germane to determining whether appellant painted the auto in a workmanlike manner, and are thus harmless error. See Civ.R. 61; see, generally, McQueen v. Goldey (1985), 20 Ohio App.3d 41, 44.
 {¶ 7} The testimony and evidence relevant to this issue supports the trial court's conclusion that appellant did not complete the job in a workmanlike manner. Appellee, in addition to his own testimony regarding the condition of the auto, offered his son's testimony as to its condition, numerous photographs depicting the auto after appellant painted it, and an estimate from another body shop to clean up the over spray and repaint the car. While appellant offered testimony that he was not responsible for the overspray, the trial court was in the best position to resolve the conflict in the testimony. Seasons CoalCo., 10 Ohio St.3d at 80. Upon review of the record we conclude that competent credible evidence was submitted to support the judgment in appellee's favor. Appellant's first eight assignments of error are overruled.
 {¶ 8} In his ninth assignment of error, appellant alleges that the trial court erred by not administering an oath to the parties at the commencement of the trial.
 {¶ 9} Review of the transcript reveals that appellee presented his case without having been sworn in. Appellant brought this fact to the trial court's attention, and the trial court proceeded to administer an oath to the witnesses. The trial court then confirmed that appellee had given truthful testimony and provided him the opportunity to change his testimony if indeed any of it had been untruthful. Appellee did not amend any of his testimony.
 {¶ 10} Evid.R. 603 provides that "[b]efore testifying, every witness shall be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so." While it is error to admit unsworn testimony, in the present case, the trial court corrected its omission, administered the oath, and confirmed that appellee's testimony had been truthful. Appellant was further afforded an opportunity to cross-examine appellee under oath and consequently suffered no prejudice. See In re Leonard H. (Jan. 26, 2001), Lucas App. No. L-00-1258. Appellant's ninth assignment of error is overruled.
 {¶ 11} Appellant's tenth, eleventh, twelfth and thirteenth assignments of error allege that the trial court erred in questioning both parties and that the trial court's questions were prejudicial in nature.
 {¶ 12} Neither party was represented by legal counsel before the trial court. In order to expedite matters the trial judge asked questions of appellee, appellant and the witnesses. Our review of the transcript reveals that the trial court's participation in the proceeding was done in an attempt to expeditiously hear the evidence and adjudicate the issues raised in the complaint. We find no error in the manner or substance of the trial court's questioning. Accord Hawkins v. Hill (Oct. 13, 1982), Holmes App. NO. CA-336. Appellant's final four assignments of error are overruled.
 {¶ 13} Although not an enumerated assignment of error, appellant alleges in his conclusion that the trial judge should have recused himself due to bias.
 {¶ 14} In order to disqualify a municipal court judge, a party must comply with procedures set forth in R.C. 2701.031. This statute "provides the exclusive means by which a litigant may claim that a municipal court judge is biased and prejudiced."State v. Hunter, 151 Ohio App.3d 276, 2002-Ohio-7326, ¶ 7-18; see, also, Dale Madeline Bennington Creative Investors v.Robinson (Feb. 7, 2000), Stark App. No. 1999CA00212, appeal not allowed, 88 Ohio St.3d 1515, 2000-Ohio-2856.
 {¶ 15} Pursuant to R.C. 2701.031(E) the presiding judge or a judge of the common pleas court has the authority to determine disqualification issues regarding judges of inferior courts. This court, however, has no authority to render a decision with regard to disqualification or to void a trial court's judgment on the basis of personal bias or prejudice on the part of the trial judge. Hunter at ¶ 18, citing Beer v. Griffith (1978),54 Ohio St.2d 440, 441-442. Because appellant failed to file an affidavit of disqualification and follow the procedures mandated by R.C. 2701.031, he has waived the issue on appeal.
 {¶ 16} Judgment affirmed.
Powell, P.J., and Valen, J., concur.