[Cite as *Wulf v. Opp*, 2015-Ohio-3285.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

JENNIFER WULF,                                          :

      Petitioner-Appellee,                     :

                                         :

     - vs -                                                           :

                                         :

BETHANY OPP,                                            :

      Respondent-Appellant.               :

CASE NO.  CA2014-10-074

O P I N I O N
8/17/2015

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2014 CVP 01146

Jennifer Wulf, 5910 Amanda Court, Loveland, Ohio 45140, petitioner-appellee, pro se

DeBra Law, LLC, Ryan L. DeBra, 4914 Ridge Avenue, Cincinnati, Ohio 45209, for respondent-appellant

**S. POWELL, J.**

{¶ 1}  Respondent-appellant, Bethany Opp, appeals from the decision of the Clermont County Court of Common Pleas granting petitioner-appellee, Jennifer Wulf, a civil stalking protection order against her under R.C. 2903.214.  For the reasons outlined below, we affirm.

{¶ 2}  On August 26, 2014, Wulf filed a pro se petition for a civil stalking protection order against Opp, her former sister-in-law.  As part of this petition, Wulf alleged Opp had repeatedly harassed her in person and through prank phone calls, voicemail messages, text

messages, e-mail messages and social media. After holding a full hearing on the matter, wherein Wulf again appeared pro se, a magistrate granted Wulf's petition for a civil stalking protection order on September 15, 2014, a decision that was subsequently adopted by the trial court later that day.[1]

{¶ 3} On September 19, 2014, both Opp and Wulf filed requests with the trial court asking it to issue findings of fact and conclusions of law as provided by Civ.R. 53(D)(3)(a)(ii). Relying on Civ.R. 65.1(F)(3)(b), the trial court denied both requests in an entry filed on September 25, 2014. Thereafter, on October 2, 2014, Opp filed a motion for leave to file untimely objections to the magistrate's decision. As part of her proposed objections, Opp alleged "[t]here was insufficient evidence to support the granting of the protection order." Opp also alleged that the magistrate's decision granting Wulf a civil stalking protection order was against the manifest weight of the evidence. However, before the trial court could issue its decision on Opp's motion for leave, Opp instead filed a notice of appeal with this court, raising two assignments of error for review.[2]

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED WHEN GRANTING APPELLEE-PETITIONER'S CIVIL STALKING PROTECTION ORDER WHERE THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A FINDING PURSUANT TO OHIO REVISED CODE §2903.214 AS TO APPELLEE-PETITIONER AND HER NAMED FAMILY MEMBERS.

{¶ 6} In her first assignment of error, Opp argues there was insufficient evidence to support the trial court's decision to grant Wulf a civil stalking protection order against her

---

1. The trial court also adopted the magistrate's decision granting Opp a civil stalking protection order against Wulf. Wulf, however, did not appeal from that decision.

2. It should be noted that on October 16, 2014, two days after Opp filed her notice of appeal with this court, the trial court issued a decision granting both Opp and Wulf an extension of time to file objections by October 31, 2014. As this appeal was then pending, the record does not indicate that either party filed any objections by the trial court's October 31, 2014 deadline.

- 2 -

under R.C. 2903.214. We disagree.

{¶ 7} Pursuant to R.C. 2903.214(C)(1), the issuance of a civil stalking protection order requires the petitioner to establish that the respondent engaged in conduct constituting menacing by stalking. *Lane v. Brewster*, 12th Dist. Clermont No. CA2011-08-060, 2012-Ohio-1290, ¶ 18. As defined by R.C. 2903.211(A)(1), "menacing by stalking" means engaging in a pattern of conduct that knowingly causes another "to believe that the offender will cause serious physical harm to the other person or cause mental distress to the other person." In determining what constitutes a pattern of conduct, courts must take every action of the respondent into consideration even if some of the actions in isolation do not seem particularly threatening. *Middletown v. Jones*, 167 Ohio App.3d 679, 2006-Ohio-3465, ¶ 10 (12th Dist.).

{¶ 8} A preponderance of the evidence standard applies to the trial court's decision granting a civil stalking protection order. *Henry v. Coogan*, 12th Dist. Clermont No. CA2002-05-042, 2002-Ohio-6519, ¶ 15. In turn, "[w]hen assessing whether a civil stalking protection order should have been issued, the reviewing court must determine whether there was sufficient credible evidence to prove by a preponderance of the evidence that the petitioner was entitled to relief." *Fouch v. Pennington*, 12th Dist. Clermont No. CA2011-10-075, 2012-Ohio-3536, ¶ 9. "Preponderance of the evidence" means the greater weight of the evidence, or evidence that leads the trier of fact to find that the existence of the contested fact is more probable than its nonexistence. *Eckstein v. Colian*, 7th Dist. Columbiana No. 11 CO 22, 2012-Ohio-4038, ¶ 14.

{¶ 9} As noted above, Opp argues there was insufficient evidence to support the trial court's decision to grant Wulf a civil stalking protection order against her. However, contrary to Opp's claims otherwise, Wulf testified she had been the subject of Opp's repeated harassment in person and through numerous prank phone calls and voicemail messages.

Wulf also testified Opp created fake profiles in order to harass her over the Internet by posting derogatory messages on her various social media accounts. Specifically, Wulf testified Opp was "stalking [her] through Facebook and Instagram," which caused her mental distress and made her feel physically threatened. Wulf also testified that "we know that it's her because it repeatedly happens over and over, and the things that she writes in there would only be from her." Wulf further testified that Opp even sent her a birthday card that contained "really hurtful" allegations that was "very upsetting to [her]." According to Wulf, "everything that [Opp's] done has emotionally messed me up, yes."

{¶ 10} Pursuant to R.C. 2903.211(D)(2), "mental distress" means either: (1) any mental illness or condition that involves some temporary substantial incapacity; or (2) any mental illness or condition that would normally require psychiatric treatment, psychological treatment, or other mental health services, whether or not any person requested or received psychiatric treatment, psychological treatment, or other mental health services. "It is the duty of the trier of fact to determine whether a victim suffered mental distress as a result of the offender's actions." *Fouch*, 2012-Ohio-3536 at ¶ 13, citing *Middletown*, 2006-Ohio-3465 at ¶ 10. However, actual mental distress need not occur. *See State v. Hart*, 12th Dist. Warren No. CA2008-06-079, 2009-Ohio-997, ¶ 31; *see also Perry v. Joseph*, 10th Dist. Franklin Nos. 07AP-359 thru 07AP-361, 2008-Ohio-1107, ¶ 8 (stating "[m]ental distress need not be incapacitating or debilitating * * * [and] expert testimony is not required to find mental distress"). Rather, the petitioner need only show that the respondent knowingly caused the petitioner to believe that the respondent would cause the petitioner serious physical harm or mental distress. *Id.*, citing *State v. Horsley*, 10th Dist. Franklin No. 05AP-350, 2006-Ohio-1208, ¶ 47.

{¶ 11} Based on Wulf's testimony, the trial court found Wulf presented sufficient evidence to establish that Opp had engaged in conduct that constituted menacing by stalking

as defined by R.C. 2903.211(A)(1), thereby necessitating the issuance of a civil stalking protection order. We find no error in the trial court's decision. As the record firmly establishes, both Opp and Wulf have a strong dislike towards one another that has caused them both mental distress and put a significant strain on their daily lives and the lives of their respective families. This includes Opp's repeated harassment of Wulf in person and through prank phone calls, voicemail messages, and social media. Accordingly, as there was sufficient credible evidence to prove by a preponderance of the evidence that Wulf was entitled to a civil stalking protection order, Opp's first assignment of error is without merit and overruled.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE TRIAL COURT COMMITTED PLAIN ERROR BY INCLUDING LANGUAGE IN THE ORIGINAL CSPO REQUIRING WRITTEN REQUESTS FOR FINDING AND FACTS AND CONCLUSIONS OF LAW PRIOR TO AN OBJECTION AND THEREAFTER DENYING APPELLANT-PETITIONER'S WRITTEN REQUEST FOR FINDINGS OF FACT AND CONCLUSION OF LAW.

{¶ 14} In her second assignment of error, Opp argues the trial court committed plain error by including language in its civil stalking protection order that instructed her to request findings of fact and conclusions of law as provided by Civ.R. 53(D)(3)(a)(ii) prior to filing her objections to the magistrate's decision. Specifically, Opp objects to the trial court's inclusion of the following language:

> Any party may request the magistrate to provide written findings of fact and conclusions of law. In accordance with Civil Rule 52, this request must be made within seven days after the filing date shown above.
>
> Any objection to the proposed decision of the magistrate must be filed in writing with this Court within fourteen days after the filing date indicated above, or fourteen days after written findings of fact and conclusions of law are issued, if requested. Any such

- 5 -

objections must be served upon all parties to this action, and a copy must be provided to the Court. The Twelfth District Court of Appeals has ruled a transcript of the proceedings before the magistrate must be provided to the judge upon objection to the magistrate's decision to permit the judge to have the entire record before the magistrate in considering the objections.

A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civil Rule 53(D)(3)(a)(ii), unless the party timely and specifically objects to the factual finding or legal conclusion as required by Civil Rule 53(D)(3)(b).

{¶ 15} According to Opp, the inclusion of this language as part of the trial court's civil protection order "effectively precluded [her] from having the ability to timely file objections to the magistrate's decision."

{¶ 16} After a thorough review of the record, we agree the trial court improperly included this language as part of its civil stalking protection order. As applicable here, civil stalking protection orders issued pursuant to R.C. 2903.214 are governed by Civ.R. 65.1. *Croone v. Arif*, 8th Dist. Cuyahoga No. 101103, 2014-Ohio-5546, ¶ 12. Civ.R. 65.1 was enacted, in part, to expedite the process for obtaining ruling on matters related to protection orders. *Schneider v. Razek*, 8th Dist. Cuyahoga Nos. 100939 and 101011, 2015-Ohio-410, ¶ 30. To that end, pursuant to Civ.R. 65.1(F)(3), a petition for a civil protection order may be referred to a magistrate for determination. However, as provided by Civ.R. 65.1(F)(3)(b), "civil protection orders are not 'magistrate's order[s]' as contemplated by Civ.R. 53(D) and are not subject to the requirements of Civ.R. 53 related to magistrate's orders." *R.C. v. J.G.*, 9th Dist. Medina No. 12CA0081-M, 2013-Ohio-4265, ¶ 5. This includes the request for findings of fact and conclusions of law as provided by Civ.R. 53(D)(3)(a)(ii).

{¶ 17} That said, while we agree that the trial court improperly included this language as part of its civil stalking protection order, we find this falls well short of plain error requiring a reversal. According to Civ.R. 65.1(F)(3)(c)(ii), once a magistrate has issued its decision

granting a civil protection order, such as the case here, "[t]he trial court may adopt the magistrate's decision after determining that there is no error of law or other defect evident on the face of the order." *B.C. v. A.S.*, 9th Dist. Medina No. 13CA0020-M, 2014-Ohio-1326, ¶ 5. A party may then *choose* to object to the "court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing, or any terms of such an order, within fourteen days of the court's filing of the order." Civ.R. 65.1(F)(3)(d)(i). However, the filing of objections with the trial court is not mandatory. *M.K. v. J.K.*, 9th Dist. Medina No. 13CA0085-M, 2015-Ohio-434, ¶ 6. Rather, "[a] civil protection order is final and appealable and may be reviewed on appeal with or without objections being filed in the trial court." *R.C.* at ¶ 5, citing Civ.R. 65.1(1)(F)(3)(d) and (G); *Heimann v. Heekin*, 1st Dist. Hamilton No. C-130613, 2014-Ohio-4276, ¶ 8.

{¶ 18} In this case, although failing to file timely objections with the trial court under Civ.R. 65.1(F)(3)(d)(i), Opp did file a timely notice of appeal with this court as permitted by Civ.R. 65.1(F)(3)(d) and (G). By filing a notice of appeal, Opp was provided with virtually the same judicial review she would have received had she first filed her objections with the trial court. Simply stated, "as in other civil cases, we review the evidence underlying protection orders to determine whether sufficient evidence was presented or whether the protection order is against the manifest weight of the evidence." *A.S. v. P.F.*, 9th Dist. Lorain No. 13CA010379, 2013-Ohio-4857, ¶ 4. Opp, therefore, has not established a manifest miscarriage of justice that would necessitate a finding of plain error.

{¶ 19} As noted by the Ohio Supreme Court, plain error in civil cases applies only to "those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). That is

Clermont CA2014-10-074

simply not the case here. In reaching this decision, we note that Opp's proposed objections submitted to the trial court contained the same essential arguments that she raised to this court on appeal. Therefore, as this is not one of those extremely rare cases where exceptional circumstances require the finding of a plain error, Opp's second assignment of error is also without merit and overruled.

**{¶ 20}** Judgment affirmed.

PIPER, P.J., and RINGLAND, J., concur.