[Cite as *Mootispaw v. Wenninger*, 2016-Ohio-1287.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY


RUSTY EUGENE MOOTISPAW, :

    Plaintiff-Appellant, : CASE NO. CA2015-08-024

            : O P I N I O N
- vs - 3/28/2016

            :

SHERIFF DWAYNE WENNINGER, et al., :

    Defendants-Appellees. :


CIVIL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 2014-0407


Rusty Eugene Mootispaw, #A164741, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, plaintiff-appellant, pro se

Fishel Hass Kim Albrecht LLP, Frank D. Hatfield, Daniel T. Downey, 400 South Fifth Street, Columbus, Ohio 43220, for defendants-appellees, Sheriff Dwayne Wenninger, Matt Hubbard, Austin Falton, and Brian Ductlingar


    **RINGLAND, J.**

    {¶ 1}  Plaintiff-appellant, Rusty Mootispaw, appeals the decision of the Brown County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Sheriff Dwayne Wenninger, Deputy Brian Ductlinger, and Deputy Austin Fulton. For the reasons detailed below, we affirm.

    {¶ 2}  Mootispaw is a convicted murderer and inmate at the Chillicothe Correctional

Institution ("CCI"). On April 22, 2014, Mootispaw was transported to the Brown County Jail to testify as a defense witness in a pending criminal matter. Ultimately, Mootispaw was never called to testify in that matter and was returned to CCI nine days later on May 1, 2014. Mootispaw filed this lawsuit to recover damages he allegedly sustained due to substandard medical treatment while in the jail.

{¶ 3} Mootispaw has a history of health problems and has undergone heart surgeries in 1996 and 2009. Mootispaw is prescribed several medications to control those health problems; however, during his stay at the jail, Mootispaw alleges he never received any of those medications, except for aspirin.

{¶ 4} The record before the court is very limited with respect to the cause of Mootispaw's purported injuries. However, in his deposition, Mootispaw testified that he requested his medication from the jailhouse guards on several occasions. Although he acknowledged that the guards would look for the medication, Mootispaw stated that each time the guards "spun him" by either denying the medication or indicating that the medication was "not here." One theory advanced by Mootispaw is his belief that his medications were never transported from CCI to the jail.

{¶ 5} On April 27, 2014, his fifth day of incarceration in Brown County, Mootispaw told Deputy Fulton "I'm having a stroke." As a result, Mootispaw was tended to by medical staff and transported to a local hospital. While at the hospital, medical staff confirmed that Mootispaw was not having a stroke, but provided him with medication and was released from the hospital within a few hours.

{¶ 6} The next day, Mootispaw exhibited slurred speech and wet his pants. A jail employee again called for an ambulance and Mootispaw was transported to the hospital for treatment. Again, doctors concluded that Mootispaw did not suffer a stroke, provided him with medication, and released him from the hospital after a few hours. Doctors diagnosed

Mootispaw with a headache. Two days later, on May 1, 2014, Mootispaw returned to CCI.

{¶ 7} Mootispaw filed this lawsuit presenting a claim of cruel and unusual punishment, in which he alleges appellees withheld lifesaving medication, which resulted in injuries of irreparable harm. The trial court granted summary judgment in favor of appellees after concluding that Mootispaw presented no medical proof of injury and failed to present any evidence that he was deprived of any constitutional or statutory right. Mootispaw now appeals, raising five assignments of error for review. For ease of discussion, we will discuss some of Mootispaw's assignments of error out of order.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED WHEN IT REFUSED TO RECUSE ITSELF WHEN IT WAS NAMED AS A WITNESS.

{¶ 10} In his first assignment of error, Mootispaw alleges the trial judge erred when he refused to recuse himself from the case based on allegations of bias and prejudice. This court, however, has no authority to render a decision with regard to disqualification or to void a trial court's judgment on the basis of personal bias or prejudice on the part of the trial judge. *Ricker v. Parknavy*, 12th Dist. Madison No. CA2003-12-039, 2004-Ohio-5822, ¶ 15; *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442 (1978). The Chief Justice of the Ohio Supreme Court, or appropriate designee, has exclusive jurisdiction to determine a claim that a common pleas court judge is biased or prejudiced. *Beer* at 441-442. Here, Mootispaw filed an affidavit of disqualification, which the Supreme Court denied. This court has no authority to review, let alone overrule, that decision. Mootispaw's first assignment of error is without merit and overruled.

{¶ 11} Assignment of Error No. 2:

{¶ 12} THE TRIAL COURT ERRED BY DENYING APPELLANT APPOINTMENT OF COUNSEL AND EXPERT WITNESS.

{¶ 13} In his second assignment of error, Mootispaw argues the trial court erred by denying his motion for counsel and for an expert witness. However, litigants have no generalized right to appointed counsel or designation of expert witness fees in civil actions. *State ex rel. Jenkins v. Stern*, 33 Ohio St.3d 108, 110 (1987). There is no pertinent reason to appoint counsel or allocate funds for an expert witness in the present case. Therefore, we find Mootispaw's second assignment of error is without merit and overruled.

{¶ 14} Assignment of Error No. 4:

{¶ 15} THE TRIAL COURT ERRED BY NOT GIVING APPELLANT "NOTICE OF UNDERSTANDABILITY OF THE SUMMARY JUDGMENT RULES. [sic]

{¶ 16} In his fourth assignment of error, Mootispaw alleges the trial court erred by failing to notify him of the rules for summary judgment. "Courts should not afford litigants special treatment simply because they are proceeding without the benefit of counsel." *Pinnacle Credit Servs., LLC v. Kuzniak*, 7th Dist. Mahoning No. 08 MA 111, 2009-Ohio-1021, ¶ 30. This court has previously acknowledged that pro se litigants are bound by the same rules and procedures as litigants with retained counsel. *CAT-Rental Store v. Sparto*, 12th Dist. Clinton No. CA2001-08-024, 2002 WL 237359, *2 (Feb. 19, 2002). "Although a court may, in practice, grant a certain amount of latitude toward pro se litigants, the court cannot simply disregard the Rules of Civil Procedure in order to accommodate a party who fails to obtain counsel." *Kuzniak* at ¶ 30. Accordingly, Mootispaw's argument that he was entitled to special treatment or a "notice of understandability," is without merit. The record reveals that the trial court held Mootispaw to the same standards, and properly afforded him the same process as any other litigant. Mootispaw's fourth assignment of error is overruled.

{¶ 17} Assignment of Error No. 3:

{¶ 18} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING APPELLEE(S) MOTION FOR SUMMARY JUDGMENT.

{¶ 19} Assignment of Error No. 5:

{¶ 20} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY IMPLYING APPELLANT TO BE AN OPPORTUNIST TO DEFRAUD APPELLEE'S [sic] OUT OF MONEY.

{¶ 21} Mootispaw's third and fifth assignments of error are interrelated and will be addressed together. In his third assignment of error, Mootispaw alleges the trial court erred in granting judgment in favor of appellees. In his fifth assignment of error, Mootispaw alleges the trial court implied that he was an opportunist seeking to defraud appellees of money.

{¶ 22} This court reviews summary judgment decisions de novo, which means we review the trial court's judgment independently and without deference to the trial court's determinations, using the same standard in our review that the trial court should have employed. *Ludwigsen v. Lakeside Plaza, L.L.C.*, 12th Dist. Madison No. CA2014-03-008, 2014-Ohio-5493, ¶ 8. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion which is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-70 (1998).

{¶ 23} The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Robinson v. Cameron*, 12th Dist. Butler No. CA2014-09-191, 2015-Ohio-1486, ¶ 9. Once this burden is met, the nonmoving party has a reciprocal burden to set forth specific facts showing there is some genuine issue of material fact yet remaining for the trial court to resolve. *Id.* In determining whether a genuine issue of material fact exists, the evidence must be construed in favor of the nonmoving party. *Vanderbilt v. Pier 27, L.L.C.*, 12th Dist. Butler No. CA2013-02-029, 2013-Ohio-5205, ¶ 8.

{¶ 24} Mootispaw's complaint states that appellees violated the constitutional prohibition against cruel and unusual punishment by withholding his medication. In order to present a valid claim, a plaintiff is required demonstrate both (1) that he suffered a serious deprivation of human need and (2) that the defendant caused the deprivation by acting with deliberate indifference. *Harris v. Bradley*, 5th Dist. Richland No. 2010 CA 0058, 2011-Ohio-445, ¶ 21; *Gubanc v. Warren*, 130 Ohio App. 3d 714, 720 (9th Dist.1998). Mere negligence of the medical needs of an inmate is not sufficient. *Gubanc* at 720. Instead, a plaintiff must show that a prison official knew of and disregarded an excessive risk of inmate health or safety. *Id.*, citing *Farmer v. Brennan*, 511 U.S. 825, 834-841, 114 S.Ct. 1970 (1994) (defining "deliberate indifference" in terms of subjective recklessness).

{¶ 25} Based on our review of the evidence, we agree with the trial court that appellees were entitled to summary judgment. Mootispaw's claims of medical injuries are entirely speculative, as he presents no medical evidence by way of affidavit or otherwise that his purported injuries were proximately caused by the failure to provide medication. Although Mootispaw maintains that he suffered a stroke, the medical records and diagnoses do not support that contention. Moreover, there is absolutely no evidence in the record to support a finding that any of the named defendants in this matter were deliberately indifferent with respect to Mootispaw's medical needs. Instead, the record reflects that when Mootispaw complained to the prison guards, he was given medical attention and transported via ambulance to the emergency room where his condition was monitored by medical personnel. Summary judgment was appropriately granted in this matter.

{¶ 26} Furthermore, with respect to Mootispaw's allegation in his fifth assignment of error that the trial court implied he was an "opportunist" with an intent to "defraud," we simply find Mootispaw's allegation to be without merit. The trial court's judgment entry presented the legal issue before the court and properly applied the law to the facts. Merely because the

trial court did not find merit to Mootispaw's claim does not imply bias or prejudice. As a result, we find Mootispaw's third and fifth assignments of error to be without merit and they are therefore overruled.

{¶ 27} Judgment affirmed.

PIPER, P.J., and S. POWELL, J., concur.