[Cite as *Allen v. Thompson*, 2017-Ohio-4234.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| PAMELLA R. ALLEN, | : | **O P I N I O N** |
| Petitioner-Appellee, | : | |
| - vs - | : | CASE NO. 2016-L-038 |
| MATTHEW D. THOMPSON, | : | |
| Respondent-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas.
Case No. 2016 CS 000068.

Judgment: Affirmed.

*Pamella R. Allen*, pro se, 21 Angela Circle, Painesville, OH, 44077 (Petitioner-Appellee).

*Matthew D. Thompson*, pro se, PID: A682-048, Trumbull Correctional Institution, P.O. BOX 901, 5701 Burnett Road, Leavittsburg, OH 44430 (Respondent-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Matthew D. Thompson, appeals from the April 19, 2016 judgment of the Lake County Court of Common Pleas. The trial court granted a civil protection order to appellee, Pamella R. Allen, and her children, against appellant. For the following reasons, the judgment of the trial court is affirmed.

{¶2} On January 13, 2016, appellee filed a petition for a civil stalking protection order against appellant pursuant to R.C. 2903.214. Appellee sought relief on her own

behalf and on behalf of her four minor children. Appellant was incarcerated at the time the petition was filed.

{¶3} A magistrate issued an ex parte order of protection, effective until March 13, 2016. A full hearing on the order was scheduled for January 19, 2016.

{¶4} After being served with summons and a notice of hearing, appellant requested a continuance of the full hearing due to a related pending criminal case. The full hearing was continued to April 12, 2016, and the ex parte order was extended to May 13, 2016. Appellant was served with summons and notice on January 20, 2016.

{¶5} The matter was referred to a magistrate pursuant to Civ.R. 65.1(F), and a full hearing was conducted on April 12, 2016. Appellee and two other witnesses testified at the hearing. Appellant was not present at the hearing because he was incarcerated. The magistrate entered findings of fact and conclusions of law on April 15, 2016. The magistrate recommended that a civil protection order be granted to appellee and her children, against appellant, through January 13, 2021.

{¶6} On April 19, 2016, the trial court adopted the magistrate's findings of fact and conclusions of law and granted the protection order.

{¶7} On May 13, 2016, appellant filed a timely pro se notice of appeal from the trial court's April 19, 2016 judgment entry. Appellee did not file a brief.

{¶8} On appeal, appellant asserts a sole assignment of error for our review:

> The error is clearly placed on the Lake County Common Pleas Court and Magistrate Adrienne Foster for allowing lying and slanderous testimony to be presented by Ms. Allen with no chance for Mr. Thompson to defend himself, there by [sic] granting the order of protection with no substantial evidence other than testimony of Ms. Allen's mother and best friend both of whom are obviously biased.

2

{¶9} Appellant argues the trial court's granting of a civil protection order against him was unjust because he was incarcerated and therefore unable to attend the hearing on April 12, 2016, to defend himself. Appellant alleges the witnesses at the April 12, 2016 hearing were not credible, and he sets forth his own account of the facts in his appellate brief.

{¶10} Our ability to review appellant's assignment of error is hindered by his failure to file a transcript of the proceedings or a suitable alternative. *See* App.R. 9. "To prevail on an appeal, an appellant must affirmatively demonstrate, through reference to the record of the proceeding before the trial court, that the trial court committed error." *Buckley v. Ollila*, 11th Dist. Trumbull No. 98-T-0177, 2000 WL 263739, *1 (Mar. 3, 2000) (citation omitted). "In reviewing an appellant's case, an appellate court is bound entirely by the record presented to it and cannot consider evidence outside of the record." *Id.* (citations omitted). Although appellant makes reference to a transcript in his appellate brief, there is no transcript in the record. It appears appellant is referring to the magistrate's findings of fact and conclusions of law filed April 15, 2016.

{¶11} Because appellant has failed to provide a transcript of the proceedings, there is no way for this court to determine whether the trial court's decision is supported by competent, credible evidence going to all elements of the case. *See id.* Accordingly, we cannot review appellant's assignment of error to the extent it relates to a factual dispute, and we must presume the regularity of the proceedings. *Gomez v. Kiner*, 10th Dist. Franklin Nos. 11AP-767 & 11AP-768, 2012-Ohio-1019, ¶5. We may only address appellant's assignment of error as it pertains to issues of law. Therefore, we direct our attention to appellant's argument that the trial court's granting of the civil protection

3

order was unjust because appellant was unable to attend the full hearing while he was incarcerated.

{¶12} Appellant was served with notice of the initial hearing. He filed a motion for a continuance, which is not part of our record, requesting the hearing be continued due to a pending criminal case. Appellant was again served with notice of the rescheduled hearing. Appellant does not assert, and the record does not reflect, that he filed a motion to transport or a motion to continue due to his incarceration. Appellant has not demonstrated that the trial court's order was unjust because he was not present at the hearing. *See Parker v. Jamison*, 4th Dist. Scioto No. 02CA002857, 2003-Ohio-7295, ¶20 (citation omitted) ("Ohio Courts have repeatedly recognized that a person who is incarcerated has no absolute right to appear at a civil action.").

{¶13} Furthermore, appellant has cited no law to support his argument in accordance with the Ohio Rules of Appellate Procedure. *See* App.R. 16(A)(7) ("The appellant shall include in its brief * * * [a]n argument containing the contentions of the appellant * * * with citations to the authorities, statutes, and parts of the record on which appellant relies.").

{¶14} We acknowledge that appellant is a pro se litigant in this matter and that a court may "'grant a certain amount of latitude toward pro se litigants.'" *Henderson v. Henderson*, 11th Dist. Geauga No. 2012-G-3118, 2013-Ohio-2820, ¶22, quoting *Goodrich v. Ohio Unemp. Comp. Rev. Comm.*, 10th Dist. Franklin No. 11AP473, 2012-Ohio-467, ¶25 (citation omitted). "However, the court cannot simply disregard the rules in order to accommodate a party who fails to obtain counsel." *Id.* This court has held that "a pro se litigant is held to the same standard as other litigants and is not entitled to

4

special treatment from the court." *Metzenbaum v. Gates*, 11th Dist. Geauga No. 2003-G-2503, 2004-Ohio-2924, ¶7, citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363 (8th Dist.1996).

{¶15} Appellant has failed in any way to support his argument that the trial court's order was unjust because appellant was not present at the full hearing. He has also failed to provide citation to any law in support of his argument. Therefore, appellant's sole assignment of error is without merit.

{¶16} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.