[Cite as *Tilbrook v. Francis*, 2018-Ohio-4064.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| CORY L. TILBROOK, | : | |
| Petitioner-Appellee, | : | CASE NO. CA2017-06-091 |
| | : | O P I N I O N |
| - vs - | | 10/8/2018 |
| | : | |
| JAMES C. FRANCIS, | : | |
| Respondent-Appellant. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 17DV7677

Cory L. Tilbrook, 4977 Cox-Smith Road, Mason, Ohio 45040, petitioner-appellee, pro se

James C. Francis, #A659421, Chillicothe Correctional institution, P.O. Box 5500, Chillicothe, Ohio 45601, respondent-appellant, pro se

**HENDRICKSON, J.**

{¶ 1} Respondent-appellant, James C. Francis, appeals from a decision of the Warren County Court of Common Pleas, Domestic Relations Division, granting a domestic violence civil protection order ("DVCPO") against him in favor of petitioner-appellee, Cory L. Tilbrook, and the parties' minor child, T.F. For the reasons set forth below, we affirm the trial court's decision.

{¶ 2} On February 8, 2017, Tilbrook petitioned for and was granted an ex parte protection order for herself and T.F. In the petition, Tilbrook alleged that Francis had been arrested and incarcerated for the rape of multiple minors, crimes Tilbrook stated Francis committed when T.F. and Tilbrook's son were present. Tilbrook stated that she and her son "participated in the prosecution" of Francis' criminal case and Francis was currently incarcerated. While incarcerated, Francis wrote to T.F.'s school and sought to obtain "any and all" information on T.F. According to Tilbrook, Francis does not know T.F. for T.F.'s "well-being and best interest." Tilbrook stated that she was "afraid for the safety and well-being of my children" if T.F.'s school information was provided.

{¶ 3} On February 22, 2017, a full hearing was held before a magistrate. Two days later, on February 24, 2017, the magistrate granted Tilbrook a DVCPO, finding that Francis, in violation of R.C. 3113.31(A)(1)(b), placed Tilbrook and T.F. "in mental distress through his written communication with the minor child's school." The trial court adopted the magistrate's decision that same day. After receiving an extension of time, Francis filed objections to the issuance of the DVCPO. In his objections, Francis disputed the accuracy of the statements Tilbrook made in her initial petition for a DVCPO. He also objected to the issuance of the order on the basis that there was "no weight of evidence to support a pattern of behavior constituting a necessity for a protection order or a no contact order." The trial court overruled Francis' objections, noting that a transcript of the full hearing had not been provided and it was therefore "unable to make a factual determination pertaining to [Francis'] Objections."

{¶ 4} After the court denied his objections, Francis filed "Defendant's Attachment to Submission of Objections," arguing he was entitled to 30 days from the filing date of his objections to file "the transcripts or any other relevant documents." Attached to his filing were copies of (1) his submission of objections to the issuance of the DVCPO; (2) the trial court's decision overruling the objections; (3) Tilbrook's petition for a DVCPO; (4) Information for

- 2 -

Parenting Proceeding Affidavit filed by Tilbrook with the DVCPO petition; (5) the February 8, 2017 ex parte protection order; and (6) the February 24, 2017 DVCPO issued after the full hearing. Notably, a transcript of the February 22, 2017 full hearing or an affidavit detailing the evidence received on February 22, 2017 were not filed. The trial court ultimately denied Francis' Attachment to Submission of Objections.

{¶ 5} Francis appealed, setting forth four assignments of error. For ease of discussion, Francis' assignments of error will be addressed together.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ABUSED ITS DISCRETION IN ISSUING A PROTECTION ORDER WHILE LACKING WEIGHT OF EVIDENCE TO SUPPORT A PATTERN OF BEHAVIOR.

{¶ 8} Assignment of Error No. 2:

{¶ 9} THE TRIAL COURT ABUSED ITS DISCRETION RENDERING APPELLANT'S ARGUMENTS UNABLE TO BE GIVEN CONSIDERATION DUE TO APPELLANT'S FAILURE TO PREPARE TRANSCRIPTS ON THE MATTER.

{¶ 10} Assignment of Error No. 3:

{¶ 11} THE TRIAL COURT ABUSED ITS DISCRETION DENYING RESPONDENT'S ATTACHMENT TO SUBMISSION OF OBJECTIONS.

{¶ 12} Assignment of Error No. 4:

{¶ 13} THE TRIAL COURT ABUSED ITS DISCRETION IN SHOWING BIAS AND FAILING TO LIBERALLY CONSTRUE APPELLANT'S *PRO SE* MOTIONS.

{¶ 14} In his first assignment of error, Francis argues the trial court erred in granting Tilbrook a DVCPO as the decision is against the manifest weight of the evidence. He further contends, in his second assignment of error, that the trial court erred when it determined it could not review his objections to the issuance of the DVCPO as he failed to file a transcript

- 3 -

of the February 22, 2017 proceedings. Finally, in his third and fourth assignments of error, Francis challenges the court's denial of his "Attachment to Submission of Objections," arguing that he complied with Civ.R. 53(D) by filing his motion within 30 days of the date of he filed his objections to the issuance of the DVCPO. He argues that given his incarceration and inability to appear in person or hire an attorney, the trial court erred by not "liberally construing" his motion.

{¶ 15} As an initial matter, we note that the rules governing civil protection orders are set forth in Civ.R. 65.1. According to Civ.R. 65.1(F)(3), civil protection petitions may be referred to a magistrate for determination, but "[a] magistrate's denial or granting of a protection order after full hearing * * * does not constitute a magistrate's order or a magistrate's decision under Civ.R. 53(D)(2) or (3) and is not subject to the requirements of those rules." Civ.R. 65.1(F)(3)(b).

{¶ 16} A magistrate's order granting a protection order after a full hearing is not effective unless adopted by the trial court. Civ.R. 65.1(F)(3)(c)(i). A trial court may only adopt the magistrate's grant or denial of a protection order "upon review of the order and a determination that there is no error of law or other defect evident on the face of the order." Civ.R. 65.1(F)(3)(c)(ii). *See also Wulf v. Opp*, 12th Dist. Clermont No. CA2014-10-074, 2015-Ohio-3285, ¶ 17. A party may then file written objections "to a *court's* adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing * * * within fourteen days of the court's filing of the order." (Emphasis added.) Civ.R. 65.1(F)(3)(d)(i).[1] A party must timely file objections prior to filing an appeal. Civ.R. 65.1(G).

---

1. Unlike in Civ.R. 53, where a party files objections to a magistrate's decision, a party files objections under Civ.R. 65.1(F)(3)(d)(i) to the *trial court's* adoption, modification, or rejection of a magistrate's grant or denial of a civil protection order. *See Wulf v. Opp*, 12th Dist. Clermont No. CA2014-10-074, 2015-Ohio-3285, ¶ 17; *Heimann v. Heekin*, 1st Dist. Hamilton No. C-130613, 2014-Ohio-4276, ¶ 7; *Isna v. Isna*, 2d Dist. Montgomery No. 26909, 2016-Ohio-7425, ¶ 26; *J.S. v. D.E.*, 7th Dist. Mahoning No. 17 MA 0032, 2017-Ohio-7507, ¶ 15; *Martin v. Dockter*, 10th Dist. Franklin Nos. 17AP-261 and 17AP-534, 2018-Ohio-858, ¶ 7.

**{¶ 17}** The objecting party "has the burden of showing that an error of law or other defect is evident on the face of the order, or that the credible evidence of record is insufficient to support the granting or denial of the protection order, or that the magistrate abused the magistrate's discretion in including or failing to include specific terms in the protection order." Civ.R. 65.1(F)(3)(d)(iii). "Objections based upon evidence of record shall be supported by a transcript of all the evidence submitted to the magistrate or an affidavit of that evidence if a transcript is not available." Civ.R. 65.1(F)(3)(d)(iv).

**{¶ 18}** In the present case, the magistrate and trial court cited to Civ.R. 65.1 in granting the DVCPO on February 24, 2017. However, in ruling on Francis' objections and his Attachment to Submission of Objections, the court erroneously referenced Civ.R. 53(D). As set forth above, civil protection orders are not "magistrate's orders" or "magistrate's decisions" as contemplated by Civ.R. 53(D) and are not subject to the requirements of Civ.R. 53 related to magistrate's orders and decisions. *Wulf* at ¶ 16, citing Civ.R. 65.1(F)(3)(b). Civ.R. 65(F)(3)(d) sets forth its own procedures and rules for ruling on objections.

**{¶ 19}** Although the trial court, at times, mistakenly referenced Civ.R. 53 in ruling on Francis' objections, we find that this mistake did not result in reversible error. The manner in which the trial court handled Francis' objections and Attachment to Submission on Objections complied with the requirements of Civ.R. 65.1.[2]

**{¶ 20}** In the case at hand, the court granted Tilbrook a protection order under R.C. 3113.31. Pursuant to that statute, in order to grant a DVCPO, a "trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence." *Felton v. Felton*, 79 Ohio St.3d

---

2. Like Civ.R. 65.1, Civ.R. 53 requires that an objection to a factual finding be supported by a transcript of all the evidence submitted to the magistrate at a hearing. Under both rules, the transcript is required to be filed within 30 days after the filing of objections, unless time is extended by the trial court. *See* Civ.R. 53(D)(3)(b) and 65.1(F)(3)(d).

34 (1997), paragraph two of the syllabus. For the purpose of this case, domestic violence means "committing a violation of [R.C.] 2903.211 [menacing by stalking]." R.C. 3113.31(A)(1)(b). As defined by R.C. 2903.211(A)(1), menacing by stalking means engaging in a pattern of conduct that knowingly causes another person to "believe that the offender will cause physical harm to the other person or a family or household member of the other person or cause mental distress to the other person or family or household member of the other person."

{¶ 21} "A trial court's decision to grant or deny a DVCPO will not be reversed where such decision is supported by the manifest weight of the evidence." *Barrett v. Barrett*, 12th Dist. Warren No. CA2016-04-033, 2017-Ohio-250, ¶ 19. Under a manifest weight challenge, a judgment will not be reversed as long as the judgment is supported by some competent, credible evidence going to all essential elements of the case. *Caramico v. Caramico*, 12th Dist. Clermont No. CA2015-03-025, 2015-Ohio-4232, ¶ 26. "The appellate court must be guided by a presumption that the trial court's factual findings are correct because the trial judge is best able to view the witnesses and observe their demeanor and use these observations in weighing the credibility of the proffered testimony." *Barrett* at ¶ 19, citing *McBride v. McBride*, 12th Dist. Butler No. CA2011-03-061, 2012-Ohio-2146, ¶ 11.

{¶ 22} Francis objected to the February 24, 2017 issuance of the DVCPO on the basis that there was "no weight of evidence to support a pattern of behavior constituting a necessity for a protection order or a no contact order," and he challenged certain factual statements contained in Tilbrook's February 8, 2017 petition for a protection order. However, it is well-settled law that "[t]he petition itself is not evidence and its contents cannot be considered by the trial court in granting the DVCPO." *Partin v. Morrison*, 12th Dist. Brown No. CA2015-01-003, 2015-Ohio-4740, ¶ 8. *See also Felton*, 79 Ohio St.3d at 43 ("A pleading is not admissible into evidence at a hearing to prove a party's allegations and must not be

considered as evidence by the court"). Tilbrook's statements in the petition, therefore, had no bearing on the issuance of the DVCPO. The court's decision to issue the DVCPO was based on evidence heard at the February 22, 2017 full hearing.

{¶ 23} Francis sought to challenge the weight of said evidence but failed to provide the trial court with ability to do so, as required by Civ.R. 65.1(F)(3)(d)(iv). Pursuant to this rule,

> [o]bjections based upon evidence of record shall be supported by a transcript of all the evidence submitted to the magistrate or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for the preparation of the transcript or other good cause. If a party files timely objections prior to the date on which the transcript is prepared, the party may seek leave of court to supplement the objections.

Not only did Francis not file a transcript or affidavit of the evidence presented at the February 22, 2017 hearing, but he also did not seek to have the court review the evidence by means of an alternative technology. The documents attached to Francis' Attachment to Submission on Objections did not provide any insight into the testimony or evidence presented at the February 22, 2017 hearing. Rather, the documents were merely copies of filings and orders already docketed in the case.

{¶ 24} Francis had the burden of demonstrating that the DVCPO was issued without sufficient credible evidence and against the manifest weight of the evidence presented at the full hearing. Without a transcript of all the evidence submitted on February 22, 2017, or an affidavit of that evidence, the trial court was limited to accepting the findings set forth in the February 24, 2017 order. We are similarly constrained in reviewing Francis' manifest weight challenge on appeal. As Francis did not file a transcript of the February 22, 2017 hearing, we are unable to review his arguments to the extent they relate to factual disputes. *See Allen v.*

- 7 -

*Thompson*, 11th Dist. Lake No. 2016-L-038, 2017-Ohio-4234, ¶ 11; *Edwards v. Cardwell*, 10th Dist. Franklin No. 05AP-430, 2005-Ohio-6758, ¶ 5. "Where a party fails to provide a transcript of a hearing, or an acceptable alternative as required by App.R. 9, this court must presume regularity of the proceedings." *In re Adoption of R.M.T.*, 12th Dist. Warren Nos. CA2017-12-177 and CA2017-12-178, 2018-Ohio-1691, ¶ 20. Based on the record before us, we cannot say that the DVCPO was issued against the manifest weight of the evidence or that the trial court erred in concluding it was unable to make a factual determination pertaining to Francis' objections. Francis' first and second assignments of error are, therefore, overruled.

**{¶ 25}** Additionally, although Francis contends the court erred in denying his Attachment to Submission on Objections as he was permitted "30 days from the date of his objections to either present a transcript, or * * * 'any other relevant evidence'" to the court, we find no merit to his arguments. Civ.R. 65.1(F) does not permit Francis to submit "any other relevant evidence" within the 30-day timeframe the transcript is being prepared and filed.[3] The rule limited Francis to either filing a transcript of the evidence submitted to the magistrate or an affidavit of that evidence – neither of which were filed. Additionally, the alleged "relevant evidence" Francis attached to his Attachment to Submission on Objections were all documents previously filed with the court; as such, the documents did not provide any new or additional information for the court to consider. We therefore find that the trial court did not err in denying Francis' Attachment to Submission on Objections and his third assignment of error is overruled.

**{¶ 26}** We further find, contrary to Francis' assertions, that in ruling on Francis' Attachment to Submission on Objections, the trial court did liberally construe the filing. While

---

3. The record indicates that Francis never filed a request to have a transcript of the February 22, 2017 hearing prepared.

a court may, in practice, "grant a certain amount of latitude toward pro se litigants, the court cannot simply disregard the Rules of Civil Procedure in order to accommodate a party who fails to obtain counsel." *Mootispaw v. Wenninger*, 12th Dist. Brown No. CA2015-08-024, 2016-Ohio-1287, ¶ 16. "[P]ro se litigants are bound by the same rules and procedures as litigants with retained counsel." *Id.*, citing *CAT-The Rental Store v. Sparto*, 12th Dist. Clinton No. CA2001-08-024, 2002 Ohio APP. LEXIS 636, * 5 (Feb. 19, 2002). Though incarcerated and proceeding pro se, Francis was still bound by the requirements of Civ.R. 65.1 in objecting to the February 24, 2017 order issuing the DVCPO. *See Allen*, 2017-Ohio-4234 at ¶ 9-14. Francis' fourth assignment of error is, therefore, overruled.

**{¶ 27}** Judgment affirmed.

S. POWELL, P.J., and RINGLAND, J., concur.