[Cite as *Fennell v. DeMichiei*, 2019-Ohio-252.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106966**

**ELIZABETH FENNELL**

PLAINTIFF-APPELLANT

vs.

**CATHY DEMICHIEI, ET AL.**

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Lakewood Municipal Court
Case No. 2017 CV 101320

**BEFORE:** Jones, J., E.A. Gallagher, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** January 24, 2019

**ATTORNEY FOR APPELLANT**

Donald M. Gallick
The Law Offices of Donald Gallick
5755 Granger Road, Suite 610
Independence, Ohio 44131


**FOR APPELLEE**

Cathy DeMichiei, pro se
Mark DeMichiei, pro se
1210 Huntly Place
Alexandria, Virginia 22307


LARRY A. JONES, SR., J.:

{¶1} Plaintiff-appellant Elizabeth Fennell ("Fennell") appeals the trial court's judgment awarding $2,890 to defendants-appellees Cathy and Mark DeMichiei ("the DeMichieis") on their counterclaim. Fennell raises two assignments of error for our review:[1]

I. The trial court committed an error of law by its decision that rent cannot be prorated without express contract language.

II. The trial court's award of damages due to the need for excessive cleaning of

the premises is against the manifest weight of the evidence.

{¶2} For the reasons that follow, we affirm the trial court's judgment.

{¶3} Fennell and the DeMichieis entered into a 36-month lease in July 2013. Fennell paid a $2000 security deposit and $500 pet deposit, for a total security deposit of $2500. The lease term expired in August 2016 and Fennell continued to live in the apartment on a month-to-month tenancy.

{¶4} Fennell provided notice to her landlords that she would be moving out of the

apartment. She moved out of the apartment on October 3, 2016. Fennell paid a prorated amount of rent for the days she held over into the next monthly term. After she vacated the rental premises, the DeMichieis inspected the property and found that the apartment needed substantial cleaning and repair to the bathroom to replace grout in the shower. The DeMichieis refunded Fennell $1,000 of her $2,500 security deposit.

{¶5} Fennell filed a complaint in the small claims division of Lakewood Municipal Court seeking return of the remaining $1,500 of her security deposit. She also sought additional damages for wrongful withholding of the security deposit. The DeMichieis counterclaimed.

{¶6} A magistrate held a hearing in August 2017. Although the hearing was recorded, Fennell did not provide a transcript of the hearing to the trial court. The magistrate determined that the DeMichieis were entitled to $500 for cleaning in addition to $590 for the costs of repairs to the bathroom. The magistrate applied this amount to the security deposit and found that Fennell was entitled to the balance of the security deposit in the amount of $910.

{¶7} Both parties filed written objections to the magistrate's decision. Fennell argued that the magistrate had failed to take into consideration repayment of $500 of the security deposit that she had paid as the pet deposit. She further contended that she was entitled to double damages because the DeMichieis had withheld her security deposit. The DeMichieis based their objections on the amount of damages the magistrate determined were due to the DeMichieis.

{¶8} The trial court held a hearing in February 2018. In its judgment entry, the court stated that the parties appeared for the hearing, presented additional testimony, and the DeMichieis entered one exhibit into evidence. This hearing was also recorded but no transcript has been submitted to this court as part of the record.

[1]The DeMichieis did not file an appellate brief.

{¶9} The trial court disagreed with the magistrate's decision, in part, and found that Fennell was liable to the DeMichieis for the full balance of the October 2016 rent because (1) the rental agreement did not provide for a prorated rate when a tenant vacates the premises, and (2) the DeMichieis were unable to immediately relet the apartment due to the damage in the bathroom and cleaning. The court agreed with the magistrate on the amount owed to the DeMichieis for cleaning and bathroom damage ($1,090). The court determined that Fennell paid $200 as October 2016 rent and owed the remaining balance of $1,800. Thus, the total amount the court determined Fennell owed the DeMichieis was $2,890. The court applied the outstanding balance of the security deposit, $1,500, to the damages and determined that Fennell owed $1,390 plus 4 percent interest from the date of judgment.

{¶10} We discuss the second assignment of error first. In the second assignment of error, Fennell contends that the trial court's award of damages was against the manifest weight of the evidence. Fennell has the burden of demonstrating that the amount of damages the trial court awarded to the DeMichieis was against the manifest weight of the evidence. Fennell, however, has failed to file a transcript of the two hearings held in the trial court. In addition, without a transcript of all the evidence submitted at the August 2017 hearing, or an affidavit of that evidence, the trial court was limited to accepting the findings set forth in the magistrate's order. *See* Civ.R. 53(D)(3)(b)(iii) ("An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available.")

{¶11} This court is similarly constrained in reviewing Fennel's manifest weight challenge on appeal. Fennel claims that the DeMichieis are not entitled to the reimbursement for time they

spent cleaning because: (1) Fennell emailed 19 photos showing the "good" condition of the apartment; (2) the DeMichieis sent Fennell an email that stated that she did a good job cleaning; and (3) the DeMichieis sent an email stating that their inspector found the premises clean except for the shower grout. However, because Fennell did not file a transcript of either the August 2017 or February 2018 hearings, we are unable to review her arguments to the extent they relate to factual disputes. *See Tilbrook v. Francis*, 12th Dist. Warren No. CA2017-06-091, 2018-Ohio-4064, ¶ 24.

{¶12} Under App.R. 9(B) "it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record * * * are transcribed" and to "order the transcript in writing and * * * file a copy of the transcript order with the clerk of the trial court." *Elsner v. Birchall*, 8th Dist. Cuyahoga No. 106524, 2018-Ohio-2521, ¶ 32. "Where a party fails to provide a transcript of a hearing, or an acceptable alternative as required by App.R. 9, this court must presume regularity of the proceedings." *Id.*, quoting *In re Adoption of R.M.T.*, 12th Dist. Warren Nos. CA2017-12-177 and CA2017-12-178, 2018-Ohio-1691, ¶ 20.

{¶13} As a result, we reject Fennell's manifest weight argument and find that the trial court's decision as to the amount of damages was not against the manifest weight of the evidence.

{¶14} The second assignment of error is overruled.

{¶15} In the first assignment of error, Fennell claims that the trial court erred in finding that the October 2016 rent could not be prorated.

{¶16} Fennell's monthly rent was $2,000. The trial court found that Fennell paid the DeMichieis $200 for October 1 to October 3, 2016, but owed the entire month of rent:

> The record shows the condition of the apartment when the plaintiff vacated it. The
>
> evidence supports conclusion that it was not re-rentable at the time due to the

condition of the premises. The defendant paid $200 for the month of October. Due to the delay in re-renting the premises due to the condition left by the plaintiff, the defendants were entitled to recover the balance of the lost rent.

\* \* \*

The record also shows that the plaintiff held over into the October 2016 move out until October 3, 2016. As a general rule, rent is due on the first day of the period for the entire period and not prorated to time unless there is specific agreement between the parties. The lease in this case shows specific agreement to prorate the rent for the first month of the lease. (Lease, Paragraph 2a). The lease does not set out any other provision to prorate the rent when the tenant vacates the premises. In addition, there is [no] evidence in the record to show that the parties agreed to the prorated rent. As such, the plaintiff would be liable to the defendants for the balance of the October, 2016 rent, even if the premises had been left in rentable condition due to the plaintiff holding over into the next term. Accordingly, the defendants were entitled to an additional $1,800 of rent from the plaintiff.

Judgment Entry (Feb. 20, 2018).

{¶17} Fennell acknowledges that the rental agreement does not provide for prorated rent at the end of the rental term, but argues that because the agreement provides for prorated rent at the beginning of the term, she is entitled to prorated rent. She further contends that the DeMichieis agreed to the pro-rated amount.

{¶18} R.C. 5321.06 provides as follows:

A landlord and a tenant may include in a rental agreement any terms and conditions, including any term relating to rent, the duration of an agreement, and

any other provisions governing the rights and obligations of the parties that are not inconsistent with or prohibited by Chapter 5321. of the Revised Code or any other rule of law.

{¶19} A tenant who holds over and retains possession of the premises after the expiration of a term, without having made any new or different agreement as to rent, subjects himself or herself to a renewal or continuance of the liability to pay rent as fixed by the terms and conditions of the prior lease. *In re Estate of Logan*, 131 N.E.2d 454, 10-11 (Ohio P.C.1955); *see also Pyros v. Gould, Inc.*, 8th Dist. Cuyahoga No. 61999, 1993 Ohio App. LEXIS 2373, 10 (May 6, 1993), quoting *Baltimore & Ohio RR. Co. v. West*, 57 Ohio St. 161, 165, 49 N.E. 344 (1897) ("It is well established that when a tenant, after the expiration of the term of a lease, holds over into another term without any new agreement or arrangement with the landlord, the latter may treat him [or her] as a tenant for another term at the same rent and upon the terms and conditions of his [or her] occupancy or, as a trespasser at his election."); *Fenell v. Mayflower Manor Apts.*, 9th Dist. Summit No. 17224, 1995 Ohio App. LEXIS 5281, 4 – 5 (Nov. 29, 1995), citing *Craig Wrecking Co. v. S.G. Loewendick & Sons, Inc.*, 38 Ohio App.3d 79, 81, 526 N.E.2d 321 (10th Dist.1987) (In Ohio, a tenant who holds over after the term of his or her lease expires is a tenant at sufferance; therefore, a landlord may elect to treat the tenant as a trespasser, or hold the tenant to a new lease term.).

{¶20} In this case, the rental agreement did not provide for prorated rent at the end of the rental term. In the absence of such a provision in a rental agreement, Fennel is not entitled to a pro rata rent. *See Windsor v. Riback*, 11th Dist. Geauga Nos. 2007-G-2775 and 2007-G-2781, 2008-Ohio-2005, ¶ 66.

{¶21} After the trial court issued its judgment, Fennell filed a request for reconsideration.

The Ohio Rules of Civil Procedure limit relief from judgments to motions expressly provided for within those rules. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 380, 423 N.E.2d 1105 (1981). The rules allow for relief from final judgments by means of Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for a new trial), and Civ.R. 60(B) (motion for relief from judgment). *Id*. The rules do not, however, prescribe motions for reconsideration after a final judgment in the trial court. *Id*. at paragraph one of the syllabus. Accordingly, motions for reconsideration of a final judgment in the trial court are a nullity. *Id*. at 380.

{¶22} Although there is nothing in the record to suggest how the trial court considered Fennell's motion, the court may have considered Fennell's request for reconsideration as a motion for relief from judgment pursuant to Civ.R. 60(B)(1), which affords relief for mistake, inadvertence, surprise, or excusable neglect, or (B)(5), which affords relief for any other reason justifying relief from the judgment.

{¶23} In her request for reconsideration, Fennell claimed that the parties discussed their agreement to pro rate the rent at the August 27, 2017 and February 9, 2018 hearings. In further support of her position, Fennell submitted exhibits to show: (1) she paid $129 for October rent and (2) Fennell and the DeMichieis had agreed to the pro-rata amount. Specifically, Fennell submitted emails between the parties and a copy of a bank statement showing the payment.

{¶24} Even if the court were to consider Fennell's request as a motion pursuant to Civ.R. 60(B), we note that the exhibits Fennell submitted were not part of the trial court's record because they were filed after the trial court rendered judgment. We further consider Fennell's claim that the parties discussed the agreement to pro rate the rent in the August 27, 2017 and February 9, 2018 hearings, but find that because we lack a copy of the hearing transcripts, we are constrained to assume the regularity of the trial court proceedings and accept the court's factual findings as

they stand.

**{¶25}** Thus, the trial court did not err in finding that Fennell owed rent for the entire month of October 2006.

**{¶26}** The first assignment of error is overruled.

**{¶27}** Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

EILEEN A. GALLAGHER, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR