DECISION AND JUDGMENT ENTRY
{¶ 1} Respondent-Appellant, Anthony C. Pryor, appeals from the decision of the Hocking County Court of Common Pleas, Probate Division, denying his motion to withdraw consent to adoption. Appellant contends the trial court erred by 1) not continuing the adoption hearing due to other pending actions; 2) not allowing him to be physically present during the final stage of the adoption hearing; 3) being biased and prejudiced and, thus, denying him a fair trial; 4) not allowing him to be physically present, as required, when he gave consent to the adoption because the petitioner was not a step-parent; 5) not notifying him, in advance, of the date of the hearing to determine the best interest of the child; 6) refusing to allow him to *Page 2 
withdraw consent to adoption when his consent was under fraud, duress, undue influence and not freely, knowingly and voluntarily given; 7) determining the adoption was in the best interest of the child, and; 8) considering and submitting certain, disputed documentary evidence.
 {¶ 2} After our review of the record below, we find none of Appellant's assignments of error are well-taken. Appellant failed to provide transcripts of multiple hearings or an alternate statement of the proceedings under App.R. 9(C). Accordingly, we must presume the regularity of the proceedings and the validity of the trial court's judgments regarding Appellant's first, second, fifth, sixth, seventh and eighth assignments of error. As such, each of those assignments of error are overruled. Because Appellant's allegations of bias and prejudice by the trial court is not properly before this court, we overrule his third assignment of error. Finally, because Appellant's appearance by phone, at the consent to adoption hearing, substantially met the requirements of R.C. 3107.081(A), we overrule his fourth assignment of error. Accordingly, we overrule each of Appellant's assignments of error and affirm the decision of the trial court.
 I. Facts {¶ 3} Appellant and Gloria Kay Pryor are the biological parents of C.M.H., a minor child. An agreed entry filed in October of 2001, signed by *Page 3 
Appellant, granted custody of C.M.H to Katha Harper ("Harper"), the maternal grandmother. Appellant testified that he voluntarily relinquished custody. At the time Harper took custody, C.M.H was thirteen months old. Appellant has had no physical contact with C.M.H. since that time.
 {¶ 4} In October of 2002, Appellant was sentenced to four counts of complicity to rape, two counts of rape, one count of kidnapping, and one count of abduction, in incidents involving his step-children. As a result, he was sentenced to three consecutive life terms, classified as a sexual predator, and incarcerated in the Ross County Correctional Institution.
 {¶ 5} In June of 2004, Harper filed a petition in the Hocking County Court of Common Pleas to adopt C.M.H. Harper's petition stated, as grounds for not requiring Appellant's consent to the adoption, that "[Appellant] and Gloria Pryor were incarcerated for gross sexual imposition to their children in 2002. They have had no contact with the child and court ordered [sic] to have no contact with [C.M.H.] until he is eighteen (18) years old." The adoption petition was subsequently amended to state that Appellant's consent to adoption was not required because he had not communicated with, or provided support to, C.M.H. C.M.H.'s mother, Gloria Pryor, gave her written consent to the adoption by Harper. *Page 4 
 {¶ 6} In September of 2004, Harper presented a birthday card, sent by Appellant to C.M.H., to Fairfield County prosecuting authorities, asking that he be prevented from further contact with C.M.H. As a result of Harper's request, the Ohio Department of Rehabilitation ordered Appellant to cease any further attempts at communication with C.M.H. Subsequently, Appellant filed a complaint in federal court alleging Harper, prosecutors and the Ohio Department of Rehabilitation violated his constitutional rights by preventing his communication with C.M.H. In December of 2004, Appellant also filed a motion for supervised visitation in the Hocking County Court of Common Pleas. The court denied the motion, and Appellant appealed that decision to this court.
 {¶ 7} The petition for adoption hearing was postponed repeatedly due to motions by Appellant, largely based on the fact that his other actions in federal and state court were ongoing. In August of 2006, we dismissed Appellant's appeal regarding supervised visitation due to lack of a final appealable order. Finally, in March of 2007, a hearing on the consent to adoption took place.
 {¶ 8} During the hearing, Appellant was represented by counsel, but due to his incarceration, he was not physically present. Instead, he participated by phone. After testimony from several witnesses and *Page 5 
discussions with his attorney, Appellant decided to give his consent to Harper's adoption of C.M.H. His only stipulation was that Harper would provide him a yearly photograph of C.M.H and a report on his status, including school records. After agreeing orally during the hearing, several days later, Appellant executed his written consent.
 {¶ 9} After the subsequent best interest hearing, the court approved the final decree of adoption by entry on June 12, 2007. The court found Appellant consented to the adoption of C.M.H by Harper, and that the adoption was in the best interest of the child. Upon another motion by Appellant, an agreed amended entry was entered which included language affirming that Harper would provide an annual photograph of C.M.H and a progress report.
 {¶ 10} In August of 2007, Appellant filed a motion to withdraw his consent to adoption and to find Harper in contempt. After a hearing on the motion to withdraw consent, the trial court, in an October 11, 2007 entry, found that Appellant knowingly and intelligently consented to the adoption and overruled his motion. Appellant's federal court action, alleging that Harper, prosecutors and the Ohio Department of Rehabilitation had violated his constitutional rights, was similarly dismissed. On October 25, 2007, Appellant filed the current appeal. *Page 6 
 II. Assignments of Error {¶ 11} 1. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT CONTINUING THE ADOPTION HEARING DUE TO THE PENDING CASE IN JUVENILE COURT ON VISITATION AND IN THE UNITED STATES DISTRICT COURT PERTAINING TO KATHA HARPERS [SIC] FALSE ACCUSATIONS IN HER PETITION FOR ADOPTION AND VIOLATION OF TWO COURT ORDERS.
 {¶ 12} 2. THE TRIAL COURT ABUSED ITS DISCRETION AND PREJUDICED THE APPELLANT AS WELL AS DENIED HIM THE RIGHT OF A FAIR TRIAL AND DUE PROCESS WHEN IT REFUSED THE APPELLANT TO BE PHYSICALLY PRESENT DURING THE FINAL STAGE OF THE ADOPTION HEARING.
 {¶ 13} 3. THE TRIAL COURT ERRED AS A MATTER OF LAW AND IS/WAS BIASED AND PREJUDICED AGAINST THE APPELLANT BY INFORMING THE PETITIONER OF HOW TO ACCOMPLISH HER GOAL OF ADOPTION WITHOUT THE APPELLANT' S CONSENT. THEREFORE DENYING THE APPELLANT A FAIR TRIAL.
 {¶ 14} 4. THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT ALLOWING APPELLANT TO BE PHYSICALLY PRESENT IN THE COURT WHEN GIVING CONSENT BECAUSE PETITIONER IS/WAS NOT A STEP-PARENT.
 {¶ 15} 5. THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT NOTIFYING THE APPELLANT IN ADVANCE OF THE BEST INTEREST HEARING THAT WAS CONDUCTED ON MAY 14, 2007.
 {¶ 16} 6. THE TRIAL COURT ABUSED ITS DESCRETION, [SIC] ERRED AS A MATTER OF LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN IT REFUSED APPELLANT THE RIGHT TO WITHDRAW HIS CONSENT TO ADOPTION DUE TO FACT [SIC] THAT IT WAS UNDER FRAUD, DURESS, UNDUE INFLUENCE, MISTAKE AND/OR MISUNDERSTANDING AS WELL AS *Page 7 
NOT FREELY, KNOWINGLY, AND VOLUNTARILY GIVEN WITH A FULL UNDERSTANDING OF THE ADOPTION PROCESS AND THE CONSEQUENCES OF HIS ACTIONS.
 {¶ 17} 7. THE TRIAL COURT ABUSED ITS DISCRETION, ERRED AS A MATTER OF LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN IT DETERMINED THAT THE ADOPTION WAS IN THE BEST INTEREST OF THE MINOR CHILD.
 {¶ 18} 8. THE TRIAL COURT ABUSED ITS DISCRETION IN CONSIDERING DOCUMENTATION AND SUBMITTING THAT DOCUMENTATION AS EVIDENCE WHEN IT IS NOT THE DOCUMENT THAT APPELLANT TESTIFIED TO AND SPECIFICALLY STATED THAT HE HAS NEVER RECEIVED A COPY OF NOR WROTE HIMSLEF [SIC].
 III. Appellant's Failure to Provide Relevant Transcripts or a Statement of the Proceedings Under App.R. 9(C) {¶ 19} Though Appellant's numerous assignments of error involve court proceedings which took place on multiple dates, including May 15, 2006, March 12, 2007, May 14, 2007 and October 1, 2007, the only transcript provided for our review is that of March 12, 2007, the hearing on consent to adoption. When he filed the current appeal, Appellant also filed a motion with the trial court for the preparation of transcripts, at the State's expense, for all the dates listed above. The trial court provided him with only the transcript of the March 12, 2007 consent hearing. Appellant urges us to accept an affidavit in lieu of the official transcripts, pursuant to App.R. 9(C). *Page 8 
 {¶ 20} Initially we note the trial court had no duty to supply Appellant with the requested transcripts. Because he is indigent, Appellant claims he is entitled to the transcripts at State expense. The law in Ohio is otherwise. "It is well-settled that due process does not require indigent civil litigants to be provided free trial transcripts for purposes of appeal." Watley v. Ohio Department of Rehabilitation andCorrection, 10th Dist. No. 06AP-1128, 2007-Ohio-1841, at ¶ 17. "In Ohio, indigent litigants are provided with a cost-effective alternative to purchasing a trial transcript from the court reporter." Id. Such alternative is provided by App.R. 9(C).
 {¶ 21} "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statementshall be served on the appellee no later than twenty days prior to thetime for transmission of the record pursuant to App.R. 10, who may serveobjections or propose amendments to the statement within ten days afterservice. The statement and any objections or proposed amendments shallbe forthwith submitted to the trial court for settlement andapproval." App.R. 9(C), (emphasis added).
 {¶ 22} The statement Appellant asks us to accept in lieu of the transcripts of May 15, 2006, May 14, 2007 and October 1, 2007 is simply a *Page 9 
copy of an affidavit he previously filed. The affidavit was made, at the request of the trial court, when the court was weighing Appellant's motion to withdraw consent to adoption. The statement was not made as an attempt to reconstruct a record of the proceedings on the dates in question. In fact, the only proceeding the affidavit references is the consent hearing of March 12, 2007, the transcript of which is already in the record.
 {¶ 23} In addition to the lack of bearing on the proceedings in question, Appellant's statement fails the procedural requirements of App.R. 9(C). Under that section, an appellant must serve his statement of the proceedings to the appellee who may then object or propose amendments to the statement. The appellant must then submit the statement to the trial court for settlement and approval. In the case sub judice, though Appellant had previously filed the affidavit in connection with his motion to withdraw consent, he did not serve it to Appellee and the trial court as a statement of the proceedings under App.R. 9(C). Because Appellant failed to do so, Appellee had no opportunity to object to the statement or suggest amendments and, more importantly, the trial court had no opportunity to review the statement for accuracy. "When approving an appellant's App.R. 9(C) statement, the trial court must affirmatively indicate that it finds the *Page 10 
statement to be accurate and truthful." State v. Hill (Dec. 30, 1996), 4th Dist. No. 96 CA 4, at *4.
 {¶ 24} It was the Appellant's duty to ensure that a transcript of all relevant proceedings was included in the record. Failing that, it was his duty to develop an agreed statement of the record that the trial court was able to verify. Because Appellant provided neither transcripts nor a valid statement of the proceedings under App.R. 9(C), to the extent his assignments of error pertain to such proceedings, we must defer to the judgment of the trial court. "The appellant bears the burden of attempting to reconstruct the record with a narrative or statement prepared pursuant to App.R. 9 if the appellant intends to rely upon the missing portions of the transcript in his assignment of error."Willis v. Martin, 4th Dist. No. 06CA3053, 2006-Ohio-4846, at ¶ 23. "Unless the record transmitted on appeal includes an App.R. 9(C) statement that affirmatively demonstrates error, we must presume the trial court committed no error despite the fact the record is not complete." Hill at *4. In such circumstances we must "presume the regularity of the proceedings and the validity of the court's judgment."Proctor v. Hall, 4th Dist. Nos. 05CA3, 05CA8, 2006-Ohio-2228, at ¶ 20. In light of the forgoing, we turn to Appellant's assignments of error. *Page 11 
 IV. First and Second Assignments of Error {¶ 25} Appellant's first and second assignments of error concern proceedings and judicial entries of March 15, 2006. The first assignment of error contends the trial court erred by not continuing the adoption proceeding. The second contends the trial court erred by not allowing Appellant to be present during the final stage of the adoption hearing. Because the record contains neither transcript nor a copy of the relevant entries, we must presume the regularity of the proceedings and the validity of the trial court's judgment. Accordingly, Appellant's first and second assignments of error are overruled.
 V. Fifth and Seventh Assignments of Error {¶ 26} Appellant asserts, as his fifth assignment of error, that he was not notified in advance of the best interest hearing. He states he told the trial court, on May 14, 2007, that he had received no notification. The transcript of the proceedings of May 14, 2007 are, again, not available for our review. Thus, we are unable to ascertain the reasoning or response of the trial court and must presume the regularity of the proceedings below. Appellant's fifth assignment of error is overruled.
 {¶ 27} In his seventh assignment of error, Appellant contends the trial court erred against the manifest weight of the evidence when it *Page 12 
determined adoption was in the best interest of the child. The best interest hearing took place on May 14, 2007. Again, because the transcript of this hearing is unavailable, we presume the validity of the trial court's judgment.
 {¶ 28} Further, all available evidence indicates that adoption by Katha Harper was in the best interest of the child. C.M.H. has been in the custody of Harper since he was thirteen months old. His case manager testified during the consent hearing that Harper had provided him a safe and stable environment. C.M.H. identifies Harper as his mother and they have a close relationship. In contrast, Appellant is serving consecutive life sentences for sexual offenses against his step-children and has been designated as a sexual predator. He has had no direct contact with C.M.H. since giving up custody to Harper. In light of these facts, even if the transcript were available, it is difficult to conceive a scenario in which we could find the trial court abused it's discretion in deciding that adoption by Harper was in C.M.H.'s best interest. Appellant's seventh assignment of error is overruled.
 VI. Sixth Assignment of Error {¶ 29} In his sixth assignment of error, Appellant's contends the trial court abused it's discretion by not allowing him to withdraw consent to adoption. The hearing on Appellant's motion to withdraw consent took *Page 13 
place on October 1, 2007. The transcript of that hearing is not available for our review and we must, therefore, presume the validity of the trial court's decision. Further, to the extent the record contains evidence regarding this assignment of error, that evidence supports the trial court's decision.
 {¶ 30} Appellant states his consent was given under fraud, duress, undue influence, mistake and misunderstanding. The transcript of the March 12, 2007 consent to adoption hearing, which is in the record, shows otherwise. After consulting privately with his attorney, Appellant stated the following: "All I want is to know my son is okay and knowing [sic] he is being taken care of and, you know, I mean he should know that I'm his father, but I will consent for [Harper] to adopt [C.M.H.] as the mother if she will just send me a picture of him once in a while, let me know how he is doing in school and maybe even let him visit his older brothers." The trial court subsequently questioned Appellant as follows: "Let me ask you this. Are you voluntarily consenting to this?" To which, Appellant replied: "Yeah." Appellant was further asked if he was under the influence of anything that would impair his ability to make a "clear, rational decision here today." Appellant indicated he was not.
 {¶ 31} Accordingly, because the transcript of the hearing to withdraw consent is unavailable, and because what evidence there is indicates *Page 14 
Appellant voluntarily gave consent to adoption, we find the trial court did not abuse it's discretion in denying his motion to withdraw consent. Appellant's sixth assignment of error is overruled.
 VII. Eighth Assignment of Error {¶ 32} As his eighth assignment of error, Appellant contends the trial court abused its discretion by admitting certain documentary evidence into the record. The alleged error took place during a hearing on October 1, 2007. Once again, because the transcript of the hearing was not provided for our review, we must presume the regularity of the proceedings and the validity of the trial court's judgment. Appellant's eighth assignment of error is overruled.
 VIII. Third Assignment of Error {¶ 33} In his third assignment of error, Appellant claims the trial court was biased and prejudiced against him and, thus, denied his right to a fair trial.
 {¶ 34} Judicial bias is "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts." State ex rel. Pratt v.Weygandt (1956), *Page 15 164 Ohio St. 463, 132 N.E.2d 191, paragraph four of the syllabus. See, also,Cleveland Bar Association. v. Cleary (2001), 93 Ohio St.3d 191, 201,754 N.E.2d 235.
 {¶ 35} We have previously held that such challenges of judicial prejudice and bias are not properly brought before this court. "Rather, appellant must make such a challenge under the provisions of R.C.2701.03, which requires an affidavit of prejudice to be filed with the Supreme Court of Ohio." Baker v. Ohio Department of Rehabilitation andCorrection, 144 Ohio App.3d 740, 754, 2001-Ohio-2553, 761 N.E.2d 667. Courts of appeal lack authority to void the judgment of a trial court on such basis. Id. As such, Appellant's third assignment of error is overruled.
 IX. Fourth Assignment of Error {¶ 36} In his fourth assignment of error, Appellant contends the trial court erred in not allowing him to be physically present when he gave his consent to adoption.
 {¶ 37} Specifically, Appellant cites In re Adoption of Baby GirlE., 10th Dist. No. 04AP932, 2005-Ohio-3565, which references R.C.3107.081(A). That section states in pertinent part: "a parent of a minor, who will be * * * an adopted person * * * shall do all of the following as a condition of a court accepting the parent's consent to the minor's adoption: (1) Appear personally before the court * * *." In essence, Appellant's *Page 16 
argument is that the requirements of R.C. 3107.081(A) were not met because he was not physically present in the courtroom when he gave his consent to adoption.
 {¶ 38} Though Appellant was not present physically during the consent hearing due to his incarceration, he appeared by phone. He was able to listen to and fully participate in the proceedings, ask and answer questions, and consult privately with his attorney, who was present during the hearing. The judicial entry of the consent to adoption hearing stated in part: "[Appellant] represented that he fully understands his rights, is not impaired by any medication and voluntarily consents to the adoption of his son." After giving his verbal consent, Appellant subsequently executed, in the presence of his attorney, a consent to adoption form. Because he was able to fully participate in the hearing and consult privately with his attorney, Appellant has failed to articulate any reason that his physical presence, as opposed to his court appearance by phone, would have afforded greater rights or protections. In such circumstances, we find the requirements of R.C. 3107.081(A) have been met. Accordingly, Appellant's fourth assignment of error is overruled. *Page 17 
 X. Conclusion {¶ 39} In our view, Appellant has failed to establish any of his assignments of error. His first, second, fifth, sixth, seventh and eighth assignments of error fail because he did not provide transcripts of various hearings and failed to produce a statement of the proceedings in accordance with App.R. 9(C). Accordingly, we have to presume the regularity of those proceedings and the validity of the trial court's judgments. Further, Appellant's third assignment of error, asserting judicial prejudice and bias, should have been filed with the Supreme Court of Ohio pursuant to R.C. 2701.03. As such, the argument is not properly before this court. Finally, because Appellant's participation in the consent to adoption hearing substantially met with the requirements of R.C. 3107.081(A), his fourth assignment of error is also without merit. Accordingly, each of the assignments of error are overruled and we affirm the decision of the trial court.
 JUDGMENT AFFIRMED. *Page 18 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant-Respondent costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court, Probate Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
 Kline, J.: Concurs in Judgment Only. *Page 1