[Cite as *In re Adoption of R.M.T.*, 2017-Ohio-8639.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE ADOPTION OF: | : | CASE NOS. CA2016-12-107 |
|  | : | CA2017-05-056 |
| R.M.T. | : | CA2017-05-057 |
|  | : | O P I N I O N |
|  | : | 11/20/2017 |
|  | : |  |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 20155005

Patrick M. Wells, #A508234, Allen Correctional Institution, P.O. Box 4501, Lima, Ohio 45802, appellant, pro se

Michael J. Davis, 8567 Mason-Montgomery Road, P.O. Box 1025, Mason, Ohio 45040, for appellee, J.T

**RINGLAND, J.**

{¶ 1}   Appellant appeals a decision by the Warren County Probate Court finding his consent to the adoption of his child was not necessary.

{¶ 2}   Appellant is the biological father of R.M.T., and is currently incarcerated in an Ohio prison.  Appellee, the child's stepfather, filed a petition to adopt R.M.T. on January 28, 2015.  The petition alleged that appellant's consent was not required because no putative father had registered, and because appellant had failed to communicate and failed to support

the child in the one year preceding the petition. After several procedural delays, including a paternity test which established appellant as the child's biological father and the filing of a second adoption petition, a hearing was held on the issue of whether appellant's consent to the adoption was required. The trial court concluded that appellant's consent was not required because appellant had failed without justifiable cause to provide more than de minimus contact with the child in the year preceding the petition.

{¶ 3} Appellant now appeals the trial court's decision, raising the following four assignments of error for our review:

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN THE TRIAL COURT RULED THAT [APPELLANT]'S CONSENT WAS NOT NECESSARY FOR THE ADOPTION OF [R.M.P.].

{¶ 6} Assignment of Error No. 2:

{¶ 7} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN THE TRIAL COURT RULED THAT [APPELLANT]'S MOTION FOR A COURT APPOINTED ATTORNEY TO VIEW THE GTL TELEPHONE RECORDS [WAS DENIED].

{¶ 8} Assignment of Error No. 3:

{¶ 9} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN THE TRIAL COURT RULED THAT [APPELLANT'S] MOTION FOR THE APPOINTMENT OF COUNSEL AT STATE'S EXPENSE IS DENIED.

{¶ 10} Assignment of Error No. 4:

{¶ 11} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN THE TRIAL COURT RULED THAT [APPELLANT]'S MOTION FOR TRANSCRIPTS AT STATE'S EXPENSE IS DENIED.

{¶ 12} In his first assignment of error, appellant argues that the trial court erred in determining that his consent to the adoption was not required.

{¶ 13} The right of natural parents to the care and custody of their child is one of the most precious and fundamental in law. *In re A.N.L.*, 12th Dist. Preble Nos. CA2004-11-131 and CA2005-04-046, 2005-Ohio-4239. *See also Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 1394 (1982). Because adoption terminates these rights, Ohio law requires parental consent to an adoption unless a specific statutory exemption exists. *In re Caudill*, 4th Dist. Jackson No. 05CA4, 2005-Ohio-3927; R.C. 3107.06.

{¶ 14} An exemption to parental consent exists if a court finds, after notice and a hearing, that in the year preceding the adoption petition, the parent failed without justifiable cause to have more than de minimis contact with the child or the parent failed to provide support and maintenance for the child. R.C. 3107.07(A). In his brief, appellant argues that justifiable cause for his failure to communicate exists because he attempted to contact the child by telephone and by mailing letters.

{¶ 15} We begin our discussion by noting that on appeal appellant has failed to file a transcript of the hearing before the trial court. Therefore, although both parties have presented and argued facts from the hearing in their briefs, our review is limited to the record on appeal, the exhibits submitted, and the decision of the trial court. *See Kairn v. Clark*, 12th Dist. Warren Nos CA2013-06-059 and CA2013-08-071, 2014-Ohio-1890.

{¶ 16} Without a transcript of the hearing before the trial court, this court cannot review any of appellant's assignments of error that rely upon factual issues in dispute and instead, is bound to presume the regularity of the proceedings below and affirm. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980); *Barksdale v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 16AP-297, 2017-Ohio-395, ¶ 17. Because the issue of whether

appellant had justifiable cause for his failure to communicate with the child is one involving factual issues, we are bound to presume the regularity of the court's determination and affirm. Therefore, appellant's first assignment of error is overruled.

{¶ 17} In his fourth assignment of error, appellant argues that the trial court erred in denying his request for a transcript at the state's expense. However, adoption is a civil proceeding, and it is well-settled that civil litigants are not entitled to free trial transcripts on appeal. *In re Adoption of C.M.H.*, 4th Dist. Hocking No. 07CA23, 2008-Ohio-1694, ¶ 20.

{¶ 18} In Ohio, App.R. 9 provides indigent litigants with a cost-effective alternative to purchasing a trial transcript. *Id.* The Supreme Court of Ohio has held that in civil cases, "[t]he narrative statement provided for in App.R. 9(C) is an available, reliable alternative to an appellant unable to bear the cost of a transcript." *State ex rel. Motley v. Capers*, 23 Ohio St.3d 56, 58 (1986). Therefore, we find no merit to appellant's argument that the trial court erred in denying his request for a transcript. Appellant's fourth assignment of error is overruled.

{¶ 19} In his second and third assignments of error, appellant argues that the trial court erred in failing to appoint an attorney. His second assignment of error alleges that the trial court erred in denying his motion for a court-appointed attorney to review telephone records, and appellant argues that if the court had appointed an attorney he would have been better able to provide a defense. His third assignment of error alleges that the court erred in denying his April 4, 2017 motion for counsel.[1] In this assignment of error, appellant again argues that if the trial court had appointed counsel, he would have been better able to provide a defense. In both assignments of error, appellant contends that he was entitled to

---

1. It is unclear precisely what appellant is alleging in this assignment of error as he references an April 17, 2017 motion for appointment of counsel, which was after the trial court's December 12, 2016 decision; yet appellant's argument indicates he was prejudiced by the denial because he needed counsel at the hearing. However, regardless of the specific denial appellant alleges, he was not entitled to appointed counsel.

an attorney pursuant to R.C. 2151.32.

{¶ 20} Despite appellant's arguments, an indigent parent in an adoption proceeding is not entitled to appointed counsel. *In re Adoption of Drake*, 12th Dist. Clermont No. CA2002-08-067, 2003-Ohio-510; *see also Lassiter v. Dept. of Social Services of Durham Cty.*, N.C., 452 U.S. 18, 101 S.Ct. 2153 (no constitutional right to appointed counsel in proceedings to terminate parental rights). Likewise, the fact that an indigent parent is incarcerated does not automatically require the appointment of counsel in an adoption proceeding. *In re Adoption of A.N.B.*, 12th Dist. Preble No. CA2012-12-017, 2013-Ohio-2055.

{¶ 21} Appellant argues that he was entitled to appointed counsel pursuant to R.C. 2151.352. However, this statute provides for the appointment of counsel in certain cases arising in juvenile court. As this is an adoption case arising in probate court, R.C. 2151.352 is not applicable to appellant. Likewise, the case cited by appellant as authority for his argument arose in juvenile court and is not applicable in this proceeding. See *McKinney v. McClure*, 102 Ohio App. 3d 165 (12th Dist.1995). Accordingly, we find no merit to appellant's arguments that the trial court erred in failing to appoint counsel, and his second and third assignments of error are overruled.

{¶ 22} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.

- 5 -