[Cite as *In re Adoption of R.M.T.*, 2018-Ohio-1691.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| IN THE MATTER OF THE ADOPTION OF: | : | CASE NOS. CA2017-12-177 |
| | : | CA2017-12-178 |
| R.M.T. | | |
| | : | O P I N I O N |
| | | 4/30/2018 |
| | : | |
| | : | |


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case Nos. 2015 5005 and 2016 5055


P.M.W., Allen Correctional Institution, P.O. Box 4501, 2238 N. West Street, Lima, Ohio 45802, appellant, pro se

Michael J. Davis, 8567 Mason-Montgomery Road, P.O. Box 1025, Mason, Ohio 45040, for appellee, J.T.


**HENDRICKSON, P.J.**

{¶ 1} Appellant, P.M.W., appeals a decision of the Warren County Court of Common Pleas, Probate Division, granting the petition for adoption of appellant's son, R.M.T., to petitioner-appellee, J.T  Appellant also appeals the probate court's denial of his motion for the appointment of counsel, his motion to have a transcript prepared at the state's expense, and his motion to stay the final decree of adoption pending appeal.  For the reasons set forth below, we affirm in part, reverse in part, and remand the matter to the probate court for further proceedings.

{¶ 2} Appellant is the biological father of R.M.T., and is currently incarcerated in an Ohio prison. Appellee, R.M.T.'s stepfather, filed a petition to adopt the child on January 28, 2015, contending that appellant's consent to the adoption was not required because appellant (1) failed to register as the child's putative father, (2) failed to have more than de minimis contact with the child for a period of at least one year immediately preceding the filing of the adoption petition, and (3) failed without justifiable cause to provide for the maintenance and support of the minor for a period of at least one year immediately preceding the filing of the petition. The probate court decided to bifurcate the determinations of whether parental consent was required and whether the adoption was in the best interest of the child. After several procedural delays, including a paternity test which established appellant as the child's biological father and the filing of a second adoption petition, the court held a hearing on the issue of whether appellant's consent to the adoption was required. On December 12, 2016, the probate court concluded that appellant's consent was not required as appellant had failed without justifiable cause to provide more than de minimis contact with the child in the year immediately preceding appellee's filing of the adoption petition. Appellant appealed, and this court affirmed the probate court's determination that appellant's consent was not required in *In re Adoption of R.M.T.*, 12th Dist. Warren Nos. CA2016-12-107, CA2017-05-056, and CA2017-05-057, 2017-Ohio-8639.

{¶ 3} Thereafter, on December 6, 2017, the probate court held a hearing to determine if adoption was in R.M.T.'s best interest. The court concluded the adoption was in the child's best interest and on December 6, 2017, granted appellee's petition and filed a final decree of adoption.

{¶ 4} On December 27, 2017, appellant filed (1) a motion for the appointment of counsel, requesting the probate court appoint counsel to represent him on appeal, (2) a motion to have the transcript of the December 6, 2017 hearing prepared at the state's

expense, and (3) a motion to stay the final decree of adoption while the case was appealed. The probate court denied appellant's motions on December 28, 2017.

{¶ 5} Appellant appealed, raising five assignments of error for our review. For ease of discussion, we will address appellant's assignments of error out of order.

{¶ 6} Assignment of Error No. 4:

{¶ 7} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN THE TRIAL COURT DENIED [APPELLANT'S] MOTION FOR APPOINTMENT OF COUNSEL AT STATE'S EXPENSE.

{¶ 8} In his fourth assignment of error, appellant argues the probate court erred in denying his motion for the appointment of appellate counsel. We disagree. The present case was initiated by a stepparent seeking adoption of a child, not by the state seeking termination of parental rights. As this court has previously stated, "an indigent parent in an adoption proceeding is not entitled to appointed counsel." *In re Adoption of R.M.T.*, 2017-Ohio-8639 at ¶ 20, citing *In re Adoption of Drake*, 12th Dist. Clermont No. CA2002-08-067, 2003-Ohio-510. *See also Lassiter v. Dept. of Social Services.*, 452 U.S. 18, 101 S.Ct. 2153 (1981) (recognizing that the constitution does not require the appointment of counsel in every proceeding involving the termination of parental rights). Appellant's fourth assignment of error is therefore overruled.

{¶ 9} Assignment of Error No. 5:

{¶ 10} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN THE TRIAL COURT DENIED [APPELLANT'S] MOTION FOR TRANSCRIPTS AT STATE'S EXPENSE.

{¶ 11} In his fifth assignment of error, appellant argues the probate court erred in denying his motion to have a transcript of the December 6, 2017 hearing provided at the state's expense. We disagree. As we stated in appellant's prior appeal, "adoption is a civil

proceeding, and it is well-settled that civil litigants are not entitled to free trial transcripts on appeal." *In re Adoption of R.M.T.*, 2017-Ohio-8639 at ¶ 17, citing *In re Adoption of C.M.H.*, 4th Dist. Hocking No. 07CA23, 2008-Ohio-1694, ¶ 20. App.R. 9 provides indigent litigants with a cost-effective alternative to purchasing a trial transcript. The Ohio Supreme Court has recognized that in civil cases, "[t]he narrative statement provided for in App.R. 9(C) is an available, reliable alternative to an appellant unable to bear the cost of a transcript." *State ex rel. Motley v. Capers*, 23 Ohio St.3d 56, 58 (1986). We therefore find no merit to appellant's argument that the probate court erred in denying his request for a transcript. His fifth assignment of error is overruled.

{¶ 12} Assignment of Error No. 3:

{¶ 13} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN THE TRIAL COURT DENIED [APPELLANT'S] MOTION FOR STAY.

{¶ 14} In his third assignment of error, appellant argues the probate court erred in denying his motion to stay the judgment granting the final decree of adoption. Appellant fails, however, to cite to any authority or set forth any argument in support of his assigned error. Pursuant to App.R. 16(A)(7), an appellant's brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." A court of appeals "may disregard an assignment of error presented for review if the party raising it * * * fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2). The duty is on the appellant, not the appellate court, to construct the legal arguments necessary to support the appellant's assignments of error. *Bond v. Canal Winchester*, 10th Dist. Franklin No. 07AP-556, 2008-Ohio-945, ¶ 16. Further, it is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to an alleged error.

- 4 -

*Balog v. Balog*, 12th Dist. Warren Nos. CA96-08-077, CA96-08-081, and CA96-09-086, 1997 Ohio App. LEXIS 2457, *15 (June 9, 1997). As appellant's brief does not contain specific arguments in support of his assignment of error, we find that we may disregard his assignment of error for failure to comply with App.R. 12(A)(2) and 16(A)(7). *See Stewart v. Vivian*, 12th Dist. Clermont No. CA2015-05-039, 2016-Ohio-2892, ¶ 113.

{¶ 15} Assignment of Error No. 1:

{¶ 16} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN THE TRIAL COURT FAILED TO HOLD A BEST INTEREST HEARING.

{¶ 17} In his first assignment of error, appellant argues the probate court failed to hold a best-interest hearing before granting appellee's petition for adoption. Appellant disputes that the December 6, 2017 hearing was a "best-interest hearing."

{¶ 18} "Before granting an adoption, the trial court must hear evidence as to whether first, 'the required consents have been obtained or excused' and second, whether 'the adoption is in the best interest of the person sought to be adopted.'" *In re Walters*, 112 Ohio St.3d 315, 2007-Ohio-7, ¶ 5, quoting R.C. 3107.14(C). *See also In re Adoption of Jordan*, 72 Ohio App.3d 638, 645 (12th Dist.1991). Although not required to do so, a trial court may hold separate hearings for the consent and the best-interest portions of an adoption proceeding. *In re Walters* at ¶ 21.

{¶ 19} In the present case, it is undisputed that the probate court bifurcated the consent and best-interest proceedings. The issue of whether appellant's consent to the adoption was required was resolved in December 2016, and was the subject of appellant's prior appeal to this court. *See In re Adoption of R.M.T.*, 2017-Ohio-8639. Appellant now challenges whether the probate court actually held a best-interest hearing before granting appellee's petition for adoption.

{¶ 20} Though appellant disputes whether the December 6, 2017 hearing was truly a

best-interest hearing, he has failed to file a transcript of the proceeding. Where a party fails to provide a transcript of a hearing, or an acceptable alternative as required by App.R. 9, this court must presume the regularity of the proceedings. *See In re J.F.*, 12th Dist. Butler No. CA2016-08-174, 2017-Ohio-1492, ¶ 16. Our review of the issue is then limited to the record on appeal, which in the present case includes the original papers and exhibits filed in the probate court and a certified copy of the docket and journal entries prepared by the clerk. *See* App.R. 9(A)(1). The record on appeal demonstrates that the probate court scheduled a final hearing for December 6, 2017, a hearing took place on that date, and at the conclusion of the hearing, the court entered a final decree of adoption in accordance with R.C. 3107.14(C), in which the court specifically stated that "[t]he Court finds * * * that the adoption is in the best interest of the minor being adopted."[1] Given the record before us, we find that a best-interest hearing did take place on December 6, 2017. Appellant's first assignment of error is, therefore, overruled.

{¶ 21} Assignment of Error No. 2:

{¶ 22} THE TRIAL COURT ERRED TO THE PREJUDICE FO THE APPELLANT WHEN THE TRIAL COURT FAILED TO PROVIDE PROPER SERVICE NOTIFYING [APPELLANT] THAT THE COURT SCHEDULED AND HELD A FINAL HEARING.

{¶ 23} In his second assignment of error, appellant argues that the probate court failed

---

1. R.C. 3107.14(C), provides, in relevant part as follows:

> If, at the conclusion of the hearing, the court finds that the required consents have been obtained or excused and that the adoption is in the best interest of the person sought to be adopted as supported by the evidence, it may issue, subject to division (C)(1)(a) of section 2151.86, section 3107.064, and division (E) of section 3107.09 of the Revised Code, and any other limitations specified in this chapter, a final decree of adoption or an interlocutory order of adoption, which by its own terms automatically becomes a final decree of adoption on a date specified in the order, which, except as provided in division (B) of section 3107.13 of the Revised Code, shall not be less than six months or more than one year from the date the person to be adopted is placed in the petitioner's home, unless sooner vacated by the court for good cause shown.

- 6 -

to give him the "required notice" that would have allowed him to make the appropriate arrangements to participate in the December 6, 2017 hearing.  Appellant contends that his due process rights were violated by the court's failure to comply with R.C. 3107.11, as he did not receive notice of the hearing until December 11, 2017 – five days after the hearing concluded.

{¶ 24} "When, at the discretion of the court, separate hearings take place to address the consent requirement and the best-interest requirement of R.C. 3107.14(C), notice of each shall be given to the biological parent." *In re Walters*, 2007-Ohio-7 at paragraph three of the syllabus.  R.C. 3107.11 governs when a hearing on a petition for adoption must take place and specifies who is entitled to notice of the hearing.  It provides, in relevant part, as follows:

> (A) After the filing of a petition to adopt an adult or a minor, the court shall fix a time and place for hearing the petition.  The hearing may take place at any time more than thirty days after the date on which the minor is placed in the home of the petitioner. *At least twenty days before the date of hearing*, *notice* of the filing of the petition and *of the time and place of hearing shall be given by the court to all of the following*:
>
> * * *
>
> (2) *A person whose consent is not required* as provided by division (A), (G), (H), or (I) of section 3107.07 of the Revised Code and has not consented.

(Emphasis added.)  R.C. 3107.11(A)(2).  This statute, therefore, "requires service of notification of the date and time of all hearings on a biological parent whose consent is unnecessary under R.C. 3107.07(A)." *In re Walters* at ¶ 22.

{¶ 25} In the present case, the probate court scheduled the December 6, 2017 hearing on November 27, 2017.  Notice of the time and place of the hearing was sent to appellant by regular mail on November 27, 2017 – a mere nine days before the hearing was scheduled to take place.  As R.C. 3107.11(A)(2) required at least 20-days' notice of the hearing, we find that appellant was given insufficient notice of the December 6, 2017 best-interest hearing.

{¶ 26} The right to raise a child is an "essential" and "basic" civil right of any parent. *In re Hayes*, 79 Ohio St.3d 46, 48 (1997). The right of a parent to the custody of his or her child is a fundamental liberty interest. *Troxel v. Granville*, 530 U.S. 57, 65-66, 120 S.Ct. 2054 (2000). The fact that appellant's consent was not required for the adoption did not automatically mean he approved of the adoption or that his input did not matter. Though the probate court found that appellant's consent was not required, appellant continued to be the natural father of the child, and he was entitled to an opportunity to participate in the proceedings to show that the adoption was not in R.M.T.'s best interest. *See In re Adoption of Groh*, 153 Ohio App.3d 414, 2003-Ohio-3087, ¶ 71-73 (7th Dist.). "'[U]ntil the hearing on the merits of the petition and the best interest of the minor child has been determined the natural parent not only retains parental rights and responsibilities but retains an overriding interest in being heard relevantly on the issue of whether the proposed adoption would be in the best interest of the child.'" *In re Adoption of Jordan*, 72 Ohio App.3d at 646, quoting *In re Adoption of Jorgensen*, 33 Ohio App.3d 207, 209 (3d Dist.1986). Though incarcerated, appellant was entitled to notice of the adoption hearing and due process required that he be given the opportunity to participate in the hearing in a meaningful manner. *See In re Adoption of A.N.B.*, 12th Dist. Preble No. CA2012-12-017, 2013-Ohio-2055, ¶ 15-16.

{¶ 27} As appellant was not provided with at least 20-days' advance notice of the best-interest hearing, as required by R.C. 3107.11(A), we find reversible error and sustain appellant's fourth assignment of error. The judgment of the probate court finding adoption in R.M.T.'s best interest is reversed and the final decree of adoption is vacated. The matter is remanded to the probate court to conduct a new best-interest hearing after providing notice of the hearing to appellant as required by R.C. 3107.11(A). In all other respects, the judgment of the probate court is affirmed.

{¶ 28} Judgment affirmed in part, reversed in part, and the matter remanded for further

proceedings according to law and consistent with this opinion.

RINGLAND and PIPER, JJ., concur.