[Cite as *In re M.E.F.*, 2019-Ohio-1291.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF THE ADOPTION OF: | : | |
| | : | CASE NO. CA2018-10-017 |
| M.E.F. | : | O P I N I O N 4/8/2019 |
| | : | |

APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 2017-5037

Rose & Dobyns Co., LPA, Scott B. Evans, 97 N. South Street, Wilmington, Ohio 45177, for appellee

Jennifer A. Coy, 5986 Countrymeadow Lane, Cincinnati, Ohio 45233, for appellant

**RINGLAND, J.**

{¶ 1} Appellant appeals a decision by the Clinton County Probate Court finding his consent to the adoption of his child was not necessary. For the reasons detailed below, we affirm.

{¶ 2} Appellant is the biological father of M.E.F.[1] Appellee, the child's stepfather, filed a petition to adopt M.E.F. on December 20, 2017. The petition alleged that appellant's

---

1. The trial court found that appellant was M.E.F.'s biological father and, for reasons addressed later in the opinion, we adopt that finding.

consent was not required because appellant failed without justifiable cause to communicate and support the child in the one year preceding the petition.

{¶ 3} Following a hearing, the trial court concluded that appellant's consent was not required. Appellant now appeals the trial court's decision, raising three assignment of error for review.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE LOWER COURT FAILED TO MAKE A DETERMINATION THAT APPELLANT WILLFULLY ABANDONED M.F. [sic] AS REQUIRED BY R.C. 3107.07.

{¶ 6} Assignment of Error No. 2:

{¶ 7} THE LOWER COURT'S DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 8} Assignment of Error No. 3:

{¶ 9} THE LOWER COURT'S DECISION VIOLATES APPELLANT'S RIGHT TO DUE PROCESS.

{¶ 10} We will address appellant's assignments of error together.[2] In his first and second assignments of error, appellant argues that the trial court erred in determining that his consent to the adoption was not required. We disagree.

{¶ 11} The right of natural parents to the care and custody of their child is one of the most precious and fundamental in law. *In re Adoption of: A.N.L.*, 12th Dist. Preble Nos. CA2004-11-131 and CA2005-04-046, 2005-Ohio-4239, ¶ 50. Because adoption terminates these rights, Ohio law requires parental consent to an adoption unless a specific statutory exemption exists. *In re Adoption of R.M.T.*, 12th Dist. Warren Nos. CA2016-12-107, CA2017-05-056, and CA2017-05-057, 2017-Ohio-8639, ¶ 13.

---

2. During oral argument, appellant withdrew his third assignment of error.

- 2 -

{¶ 12} An exemption to parental consent exists if a court finds, after notice and a hearing, that in the year preceding the adoption petition, the parent failed without justifiable cause to have more than de minimis contact with the child or the parent failed to provide support and maintenance for the child. R.C. 3107.07(A). Additionally, consent is not required of a putative father if either of the following applies:

> (1) The putative father fails to register as the minor's putative father with the putative father registry established under section 3107.062 of the Revised Code not later than fifteen days after the minor's birth;
>
> (2) The court finds, after proper service of notice and hearing, that any of the following are the case:
>
> (a) The putative father is not the father of the minor;
>
> (b) The putative father has willfully abandoned or failed to care for and support the minor;
>
> (c) The putative father has willfully abandoned the mother of the minor during her pregnancy and up to the time of her surrender of the minor, or the minor's placement in the home of the petitioner, whichever occurs first.

R.C. 3107.07(B).

{¶ 13} In his brief, appellant argues that he did not "willfully abandon" M.E.F. under the putative father exception contained in R.C. 3107.07(B) and there was justifiable cause for his failure to see the child and provide support under both the parental exception in R.C. 3107.07(A) and the putative father exception in R.C. 3107.07(B). Despite appellant's arguments to the contrary, he failed to file a transcript of the hearing before the trial court. Therefore, although both parties have presented and argued facts from the hearing in their briefs, our review is limited to the record on appeal, the exhibits submitted, and the decision of the trial court. *In re Adoption of R.M.T.*, 12th Dist. Warren Nos. CA2016-12-107, CA2017-05-056, and CA2017-05-057, 2017-Ohio-8639, ¶ 15.

{¶ 14} "Where portions of the transcript necessary for resolution of assigned errors are

- 3 -

omitted from the record, the reviewing court has nothing to pass upon and thus has no choice but to presume the regularity or validity of the lower court's proceedings and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Since appellant failed to file a transcript of the proceedings, this court cannot determine the validity of the assertions made in his brief and we must presume the regularity of the proceedings. Therefore, appellant's first and second assignments of error are overruled. Appellant's third assignment of error is also overruled, consistent with his dismissal of that issue during oral argument.

{¶ 15} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.